**UNITED STATES of America,**
**Appellee,**

**v.**

**Joe PEPE, Appellant.**

**No. 73–1932.**

United States Court of Appeals,
Tenth Circuit.

Aug. 20, 1974.

Alan Y. Cole, Washington, D. C. (Isaac N. Groner, Washington, D. C., and Joseph Anderson, Lenexa, Kan., of counsel, with him on the Brief), for appellant.

Monti Belot, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., Glen S. Kelly and E. Edward Johnson, Asst. U. S. Attys., on the Brief), for appellee.

Before HILL, MOORE* and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant, Joe Pepe, seeks reversal of his conviction by a jury on one count of conspiracy to possess heroin with the intent to distribute it, and one count of possession of heroin with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1). He asserts that the court in its instructions to the jury did not properly develop the meaning and effect of the reasonable doubt standard, and that the jury was thereby misled as to the burden of proof upon the prosecution. Mr. Pepe's objection focuses principally upon the following instruction, given in the court's concluding remarks to the jury:

> "There is nothing peculiarly different in the way a jury is to consider the evidence in a criminal case from that in which all reasonable persons treat any question depending upon evidence presented to them. You are expected to use your good sense; consider the evidence for only those purposes for which it has been admitted and give it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings."

In his view, this instruction tended to cloud the reasonable doubt standard by comparing the criminal jury's decision making function to decision making in the ordinary course of life, when in actuality the criminal jury is charged with a constitutionally prescribed standard for evaluating and weighing the evidence.

The confusion generated by the challenged instruction was further compounded in the appellant's eyes by what he terms the court's failure to provide a complete definition of reasonable doubt. The following definition of reasonable doubt was given to the jury:

> "A reasonable doubt is a fair doubt based upon reason and common sense

and arising from the state of the evidence. It is rarely possible to prove anything to an absolute certainty. Proof beyond a reasonable doubt is established if the evidence is such as a reasonably prudent man would be willing to rely and act upon in the most important of his own affairs. A defendant is not to be convicted on mere suspicion or conjecture."

This definition, which the appellant characterizes as a "willing to act" instruction, is asserted to be insufficient under Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150, which affirmed this court's decision at 209 F. 2d 516; and when unaccompanied by curative "moral certainty" language, is asserted to be grounds for reversal under United States v. Smaldone, 485 F.2d 1333 (10th Cir.). However, recognizing that his failure to object below to the latter instruction may foreclose evaluation of it on appeal, the appellant argues that the asserted inadequacies in the reasonable doubt definition aggravated the confusion and error created by the first quoted instruction to which he did object, and that the combined force of the two instructions vitiated the reasonable doubt standard and deprived the appellant of due process. We cannot agree.

■ At the outset, we recognize that the reasonable doubt standard is a constitutional cornerstone of the criminal justice system. A defendant is entitled to have his jury apprised of this standard and its corollary, the presumption of innocence, and is entitled to have the meaning of reasonable doubt explained to the jury. Findley v. United States, 362 F.2d 921 (10th Cir.); Holland v. United States, 209 F.2d 516 (10th Cir.). Nevertheless, we must also be mindful of the difficulties inherent in any attempt to define the term in great detail or to characterize precisely what sort of doubt might be reasonable. As an abstraction the concept of reasonable doubt is not susceptible to description by

* Of the Second Circuit, Sitting by Designation.

terms with sharply defined, concrete meanings. Resort must be to wording or language, the meaning of which will necessarily be colored by the experience of each individual. Thus while the term itself is common and readily associated by most individuals with our criminal justice system, it is unlikely that two persons would supply the same characterization of its meaning. These difficulties have been acknowledged by the Supreme Court, and the Court has expressed its doubts about the benefit of attempting a definition more elaborate than the term "reasonable doubt" itself. Miles v. United States, 103 U.S. 304, 26 L.Ed. 481; Dunbar v. United States, 156 U.S. 185, 15 S.Ct. 325, 39 L.Ed. 390. *See again* Holland v. United States, 209 F.2d 516 (10th Cir.).

 Turning to the specific instructions in question, our analysis is governed not only by the language or correctness of any particular instruction, but also by the content and effect of all of the instructions when viewed as a whole. United States v. Beitscher, 467 F.2d 269 (10th Cir.). When so considered, the instructions were adequate to apprise the jury of both the reasonable doubt standard and the presumption of innocence.

A review of the instructions reveals that the words "reasonable doubt" were used no fewer than twenty-three times, and numerous additional references to the presumption of innocence were made. While the precise meaning of the term "reasonable doubt" may be difficult to define, the term itself is not uncommon and the words are subject to ordinary everyday usage. With that in mind, we may reasonably assume that the typical juror, considering the term in the context of the related instructions, would have a sufficiently clear understanding of the term so that in the absence of instructions contradicting or vitiating its meaning and effect, he would apply it correctly.

Neither of the challenged instructions is perhaps the best available formulation. The so-called "willing to act" instruction, in the form given by the trial court, appears to have corrected the *non sequitur* criticized by the Supreme Court in the *Holland* case, 348 U.S. at 140, 75 S.Ct. 127, as well as by this court, 209 F.2d at 522–523. Nevertheless, the Supreme Court in *Holland* expressed its preference for the "hesitate to act" formulation, and that preference should be heeded. We would add that neither in the *Holland* case nor the *Smaldone* case was the "willing to act" terminology found to be reversible. In *Smaldone* we indicated that additional clarification was afforded by the "moral certainty" language there present, but we meant to imply no magic in that term either.

 The "nothing peculiarly different" instruction has also been the target of criticism. *See* Tarvestad v. United States, 418 F.2d 1043 (8th Cir.), and United States v. Cummings, 468 F.2d 274 (9th Cir.). However, neither the Eighth Circuit nor the Ninth Circuit found prejudicial error in its use. We recently considered the same instruction and, while we also found no reversible error, neither did we recommend it. United States v. Downen, 496 F.2d 314 (10th Cir.), filed April 23, 1974. In view of its apparently frequent usage by some of the trial courts of this Circuit we take this opportunity to express our disapproval of future use of the instruction. Although it purports to deal only with consideration and evaluation of the evidence, and does not appear to offer any serious misdirection, we do not believe the instruction provides any particular assistance to the jury in the performance of its tasks. And at least in the eyes of some analysts, it offers possible confusion as to the standards required for conviction. We therefore think the instruction is best omitted.

Having reviewed the record and considered the instructions as a whole, we are convinced that the jury was accurately and sufficiently apprised of its functions and duties. Accordingly the convictions are affirmed.