**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John LEAPHART,
Defendant-Appellant.**

**No. 74–1552.**

United States Court of Appeals,
Tenth Circuit.

Argued March 27, 1975.

Decided April 8, 1975.

Richard D. Simpson, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., and Thomas A. Hamill, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

David J. Phillips, Asst. Federal Defender (John O. Martin, Asst. Federal Defender, on the brief), for defendant-appellant.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

In this case the defendant was convicted of two counts charging sale of a controlled substance, to-wit, heroin, contrary to 21 U.S.C. § 841(a)(1). He was sentenced concurrently.

There is no dispute in the evidence as to the sales. Purchases were made by an individual who cooperated with the Drug Enforcement Administration. In each case he was transported by the agents to the place of purchase, he was searched and was kept under close surveillance during the purchases. He had a recording device on his person and the tapes of the conversations were introduced into evidence. These tapes contain statements as to past sales made by the defendant to the cooperating witness. There was no dispute as to the fact that the material purchased was indeed heroin. It was stipulated by counsel for the accused that witnesses would all have testified to this fact. The cooperating witness also testified to prior drug dealings he had had with the accused.

Three contentions are advanced as grounds for reversal. They are:

1. That the court erred in receiving testimony of the arresting officer and a forensic chemist to the effect that when the defendant was arrested he had on his person certain substances which were not prohibited, the same being capsules of lactose and methapyrilene which are common dilutants for heroin.

2. That it was error for the court to admit testimony relating to the defendant's prior conduct; the error is here predicated on the alleged failure of the government to furnish, prior to trial, in accordance with the Omnibus Hearing Report, evidence of the prior criminal conduct.

3. That the instruction containing a definition of reasonable doubt was prejudicial; a further facet of this assignment is that the defendant's tendered instruction was the preferable one.

I.

Under the circumstances here shown, the action of the court in receiving into evidence the capsules of non-prohibited substances found on the defendant's person at the time of his arrest (on February 26, 1974) did not constitute error. This material was identified as common dilutants used with heroin. The issue which the jury had to decide was whether the defendant had made the sales in question. The evidence was, to say the least, strong that he had made such sales. In the light of these background facts, the proffered evidence was highly probative since it tended to establish that he had made the charged sales and that he had acted knowingly. This was not evidence which raised undue prejudice nor is it a situation in which the probative value of the evidence is outweighed by the prejudice. The material was not prohibited in and of itself and for that reason it was not strictly a similar offense. It was simply a corroborating circumstance. *Cf.* Proposed Rules of Evidence of the United States Courts, Rules 403 and 404(b). The dilutants in question were not too remote in time, having been obtained about two and one-half months after the December 5 offense. The transaction was a circumstance of arrest which had an unquestioned relationship to the crimes charged. *Cf.* United States v. Burkhart, 458 F.2d 201 (10th Cir. 1972). Proof of the possession of means or instruments to commit the offense charged is probative.

## II.

The cooperating witness testified on behalf of the government that he had had prior drug dealings with the defendant and others. It appeared from the evidence that this was the reason for the witness having told the agents that he believed that he could make purchases from the accused.

■ There was a pre-offer conference in chambers which occurred during the trial. There the government notified the court that it intended to offer this evidence. It also advised the court that it had not given a ten-day notice in accordance with the Omnibus Hearing Order. Because of this defendant objected. It was also reported to the court, however, that defense counsel had been provided with transcripts of the taped conversations between the purchasing witness and accused in which the defendant had spoken of prior narcotics dealings with the witness and others. Inasmuch as the prior transactions objected to were substantially recorded in the tapes furnished to the defendant at the Omnibus Hearing or thereafter, it is our conclusion that formal notice ten days prior to trial would not have added any important knowledge to counsel for defendant which would have aided his defense. It is on this ground that we conclude that the court did not err in receiving statements of the witness. However, we are not to be understood as saying that failure to observe the terms of the Omnibus Hearing would not under other circumstances furnish a ground for barring the evidence not reported.

## III.

■ Finally, we have examined the instruction given defining reasonable doubt and we have also examined the instruction tendered by accused. The instruction requested reads as follows:

A reasonable doubt is a fair doubt based upon reason and common sense and arising from the state of the evidence. It is rarely possible to prove anything to an absolute certainty. *Proof beyond a reasonable doubt is established if the evidence is such as would cause a reasonably prudent man to hesitate to act upon it in the most important of his own affairs.* A defendant is not to be convicted on mere suspicion or conjecture.

A reasonable doubt may arise *not* only from the evidence produced, but also from a lack of evidence. Since the burden is always upon the prosecution to prove the accused guilty beyond a reasonable doubt of every essential element of the crime charged, the defendant has the right to rely upon failure of the prosecution to establish such proof. The defendant may also rely upon evidence brought out on cross-examination of witnesses for the prosecution. The law does not impose upon the defendant the burden or duty of producing any evidence. (Emphasis added.)

The instruction given by the trial court was similar but not the same. The important difference is that the requested instruction *seeks* at least to couch the instruction in terms of hesitancy to act, whereas the instruction given by the court approaches it in terms of positive action. It declares:

Proof beyond a reasonable doubt is established if the evidence is such as a reasonably prudent man would be willing to rely and act upon in the most important of his own affairs. A defendant is not to be convicted on mere suspicion or conjecture.

The fault to be found with this instruction is that it tells the jury when a person is convinced beyond a reasonable doubt, whereas traditionally it has sought to instruct the jury that it has a reasonable doubt where there is a hesitancy to act.

The defendant contends that the instruction given is contrary to the decision of the Supreme Court in Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954) and is out of harmony with this court's decision in United States v. Smaldone, 485 F.2d 1333 (10th Cir. 1973). The instruction given in *Smaldone* contained the same statement as to willingness to act. The court said

that it was not reversible error in view of a further provision in the *Smaldone* instruction that proof beyond a reasonable doubt required proof to a moral certainty. It was held that this compensated for the inclusion of the positive statement of willingness to act. It made clear that the preferred language contained a declaration recognizing hesitation to act as being consistent with existence of a reasonable doubt.

While the instruction given is confusing, the defendant's proposed instruction is equally confusing and is also contradictory in that it tells the jury that proof beyond a reasonable doubt exists if a reasonable doubt also exists. If there is *proof* beyond a reasonable doubt, there is no reasonable doubt as to guilt and hence there is no occasion for a reasonable man to hesitate and pause. On the other hand, reasonable doubt *exists* if the doubt is of such substance as to cause the prudent man to hesitate and pause in matters of importance in his own affairs.

In a more recent decision, United States v. Pepe, 501 F.2d 1142 (10th Cir. 1974), this question was again considered, and it was ruled that no reversible error was apparent from the couching of the instruction in terms of willingness to act. The court said that the instruction was substantially similar to that which came in for Supreme Court criticism in Holland v. United States, *supra*, and admonished that future prosecutions should use the "hesitate to act" language. Our court further said in *Pepe*, however, that the instruction taken as a whole adequately conveyed to the jury the high importance of the reasonable doubt concept as well as its nature and character.

In *Holland* as in *Pepe* the Supreme Court had refused to consider that the form of the instruction demanded reversal. The Supreme Court there said:

We think this section of the charge should have been in terms of the kind of doubt that would make a person hesitate to act, see Bishop v. United States, 71 App.D.C. 132, 107 F.2d 297, 303, rather than the kind on which he would be willing to act. But we believe that the instruction as given was not of the type that could mislead the jury into finding no reasonable doubt when in fact there was some. A definition of a doubt as something the jury would act upon would seem to create confusion rather than misapprehension. "Attempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury," Miles v. United States, 103 U.S. 304, 312, 26 L.Ed. 481, and we feel that, taken as a whole, the instructions correctly conveyed the concept of reasonable doubt to the jury.

348 U.S. 121 at 140, 75 S.Ct. at 138.

The time has unquestionably arrived after *Holland, Smaldone,* and *Pepe* for the trial courts to change this instruction and to couch it in the terms prescribed by the Supreme Court of the United States. At the same time, we agree with the *Holland* and *Pepe* cases that this is not a matter which would justify a reversal particularly in view of the extent to which reasonable doubt was emphasized in the charge and considering that the term "reasonable doubt" is not so complex as to produce confusion in the mind of a juror.

We conclude that the instructions as a whole adequately convey to the jury the meaning of proof by the prosecution beyond a reasonable doubt. At the same time, we join in the admonition which was given in United States v. Pepe (after the trial in this cause) in disapproving the future use of this instruction.

The judgment of the district court is affirmed.[1]

---

1. It is worthy to mention that Devitt and Blackmar, Federal Jury Practice and Instructions, § 11.01 (2d ed. 1970), have defined "rea-
sonable doubt" correctly as "the kind of doubt that would make a reasonable person hesitate to act."