**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos BARRERA–GONZALES, also
known as Oscar Barrera–Gonzales,
Defendant–Appellant.**

No. 91–2018.

United States Court of Appeals,
Tenth Circuit.

Jan. 3, 1992.

William L. Lutz, U.S. Atty., and Louis E. Valencia, Asst. United States Attorney, Albuquerque, N.M., for plaintiff-appellee.

Michael G. Katz, Federal Public Defender, and Susan L. Foreman, Asst. Federal Public Defender, Denver, Colo., for defendant-appellant.

Before SEYMOUR, BARRETT and BALDOCK, Circuit Judges.

BARRETT, Senior Circuit Judge.

Carlos Barrera–Gonzales (Barrera) appeals from his sentence entered on January 14, 1991, following a jury conviction of guilty to a three-count indictment. Count I charged conspiracy (with co-defendant Navarette) to possess with intent to distribute heroin. Count II charged possession with intent to distribute less than 100 grams of heroin on June 11, 1990. Count IV charged possession with intent to distribute more than 100 grams of heroin on June 20, 1990. These charges were brought pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and (b)(1)(C), and 846 and 18 U.S.C. § 2. The sole challenge on appeal is that the trial court committed plain error in its instruction to the jury regarding the government's burden of proof beyond a reasonable doubt.

Barrera contends that the following instruction given by the trial court, to which he did not lodge a contemporaneous objection as required by Fed.R.Crim.P. 30, constituted plain error under Fed.R.Crim.P. 52(b):

> As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Now, some of you may have served as jurors in civil cases where you were told that it is only necessary to prove that a fact is more likely true than not true.
>
> In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Now, proof beyond a reasonable doubt, is proof that leaves you firmly convinced of the defendant's guilt. Now, there are very few things in this world that we know with absolute certainty. And in criminal cases the law does not require proof that overcomes every possible doubt.
>
> If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.
>
> If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

(R., Vol. IV, pp. 394–95).

Barrera argues that "[t]his reasonable doubt instruction completely lacked the

standard formulation that reasonable doubt is a doubt that would cause a reasonable person to hesitate to act. It also diluted the government's burden of proof by equating being 'firmly convinced' of guilt with proof beyond a reasonable doubt. Furthermore, its language regarding a finding of a 'real possibility that he is not guilty' impermissibly shifted the burden of guilt to the defense. These flaws in the instruction misled the jury as to the constitutional standard it was to utilize in reaching a verdict and require that Mr. Barrera be granted a new trial." (Brief of Appellant, pp. 9–10).

The government, while recognizing that this court, in *United States v. Leaphart*, 513 F.2d 747, 750 (10th Cir.1975), encouraged the trial courts to employ the "hesitation to act" language suggested by the United States Supreme Court, argues that the phrase "proof that leaves you firmly convinced" requires more persuasion and that, arguably, a person who is "firmly convinced" has no reasonable doubt. (Brief of Appellee, pp. 9–11). We agree.

■■■■ It is elementary, as instructed by the trial court, that the burden of proof cast upon the prosecution in a criminal case is to establish beyond a reasonable doubt all elements of the offense charged. *United States v. Brown*, 540 F.2d 1048, 1053 (10th Cir.1976), *cert. denied*, 429 U.S. 1100, 97 S.Ct. 1122, 51 L.Ed.2d 549 (1977). In the case at bar, the trial judge used the terms "reasonable doubt" or "beyond a reasonable doubt" twelve times during the course of his instructions to the jury. The sufficiency of the district court's instructions to the jury involve questions of law, which require *de novo* review. *United States v. Agnew*, 931 F.2d 1397 (10th Cir. 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 237, 116 L.Ed.2d 193 (1991). In examining a challenge to jury instructions, the appellate court must review the record as a whole to determine whether the instructions stated the governing law and provided the jury with ample understanding of the issues and standards applicable. *Big Horn Coal Co. v. Commonwealth Edison Co.*, 852 F.2d 1259 (10th Cir.1988).

■ In *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), the Supreme Court reviewed a "reasonable doubt" instruction where the trial judge defined it as the kind of doubt which folks in the more serious and important affairs of their lives would be willing to act upon. Holding that the "willing to act" instruction was not misleading on reasonable doubt when considered with the instructions as a whole, the Court nevertheless opined that:

We think this section of the charge should have been in terms of the kind of doubt that would make a person hesitate to act, see *Bishop v. United States*, 71 App.D.D.[C.] 132, 137–38, 107 F.2d 297, 303, rather than the kind on which he would be willing to act. But we believe that the instruction as given was not of the type that could mislead the jury into finding no reasonable doubt when in fact there was some.

*Id.* at 140, 75 S.Ct. at 138.

In *Bishop v. United States, supra*, the court approved a "reasonable doubt" instruction reading:

Reasonable doubt is a doubt arising from the evidence, or from a lack of evidence, after consideration of all the evidence. It is not a vague, speculative, imaginary, something, but just such a doubt as would cause reasonable men to hesitate to act upon it in matters of importance to themselves.

107 F.2d at 303.

In keeping with *Holland* and *Bishop*, this court, in *United States v. Leaphart, supra*, observed that, consistent with *Holland*, the preferable "reasonable doubt" instruction is one couched in terms of the kind of doubt that would make a person hesitate to act; however, we there held that the giving of the following charge did not constitute reversible error:

Proof beyond a reasonable doubt is established if the evidence is such as a reasonably prudent man would be willing to rely and act upon in the most important of his own affairs. A defendant is

not to be convicted on mere suspicion or conjecture.

513 F.2d at 749.

Thus, although we have earmarked *Holland*'s "hesitate to act" charge as the preferable definition of reasonable doubt, this court has rarely held that other definitions of reasonable doubt given in charges to juries in this circuit constitute reversible error. To be sure, in *Monk v. Zelez*, 901 F.2d 885 (10th Cir.1990), we held that a reasonable doubt instruction which equated a "reasonable doubt" with a "substantial doubt," coupled with "willingness to act" language, was constitutionally defective as violative of the due process clause of the Fifth Amendment. On the other hand, we have upheld several "reasonable doubt" instructions which have strayed from the "hesitate to act" formula:

In *United States v. Heath*, 580 F.2d 1011, 1025 (10th Cir.1978), *cert. denied*, 439 U.S. 1075, 99 S.Ct. 850, 59 L.Ed.2d 42 (1979), we reviewed a jury instruction given on specific intent, which included the following language: "As a general rule, it is reasonable to infer that a person ordinarily intends all of the natural and probable consequences of acts knowingly done and knowingly omitted." The court was not enthusiastic with this language, but nevertheless held that the "[c]harge as a whole is satisfactory in terms of requiring that the jury be convinced beyond a reasonable doubt as to each element, including that of intent." *See also, United States v. Mac-Kay*, 491 F.2d 616 (10th Cir.), *cert. denied*, 416 U.S. 972, 94 S.Ct. 1996, 40 L.Ed.2d 560 (1974).

In *United States v. Pepe*, 501 F.2d 1142, 1143 (10th Cir.1974), we held that the trial court did not commit reversible error in giving the following "reasonable doubt" instruction when considered with the instructions as a whole:

A reasonable doubt is a fair doubt based upon reason and common sense and arising from the state of the evidence. It is rarely possible to prove anything to an absolute certainty. Proof beyond a reasonable doubt is established if the evidence is such that a reasonably prudent man would be willing to rely and act upon in the most important of his own affairs. A defendant is not to be convicted on mere suspicion or conjecture.

We reasoned that "[w]e must be mindful of the difficulties inherent in any attempt to define the term (reasonable doubt) in great detail or to characterize precisely what sort of doubt might be reasonable. As an abstraction, the concept of reasonable doubt is not susceptible to description by terms with sharply defined, concrete meanings." *Id.* at 1143–44.

In *United States v. Smaldone*, 485 F.2d 1333, 1347–48 (10th Cir.1973), *cert. denied*, 416 U.S. 917, 94 S.Ct. 1625, 40 L.Ed.2d 119 (1974), we held that a "reasonable doubt" instruction which advised that "Proof beyond a reasonable doubt is established if the evidence is such that you would be willing to rely and act upon it in the more important of your own personal affairs" was not reversible error and did not mislead the jury in light of the instructions as a whole, including the additional instruction that the jurors must be convinced "to a moral certainty" that the defendant is guilty.

We have reviewed the claims of plain error relating to the "reasonable doubt" jury instruction given by the trial court in this case, together with the balance of the instructions given, *see Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), and hold that the instructions, "[e]xamined in the light of the record as a whole, fairly, adequately and correctly state the governing law and provide the jury with an ample understanding of the applicable principles of law and factual issues confronting them.... We will reverse for an error in jury instructions only when such error is prejudicial [plain] in light of the entire record." *United States v. Denny*, 939 F.2d 1449, 1454 (10th Cir. 1991). *See also, United States v. Haar*, 931 F.2d 1368 (10th Cir.1991); *United States v. Dysart*, 705 F.2d 1247 (10th Cir. 1983), *cert. denied*, 464 U.S. 934, 104 S.Ct. 339, 78 L.Ed.2d 307 (1983) (A defendant has no right to have an instruction given in the

particular form he desires or with any special emphasis); *United States v. Hopkins*, 716 F.2d 739 (10th Cir.1982) (same).

We agree with the government's assertion that the terms "firmly convinced" requires more persuasion than terms such as "reasonable certainty" or "abiding conviction as to guilt." Thus, we hold that the district court's "reasonable doubt" instruction given was not plainly erroneous. Two other federal appellate courts have ruled that the use of the "firmly convinced" language in a reasonable doubt instruction was not plain error. *United States v. Hunt*, 794 F.2d 1095 (5th Cir.1986); *United States v. Bustillo*, 789 F.2d 1364 (9th Cir. 1986). The challenge does, however, cause this court to caution the trial courts, just as we did in *Leaphart, supra*, that a preferred reasonable doubt instruction is one couched in the Supreme Court's "hesitate to act" language. In *United States v. Hart*, 407 F.2d 1087, 1091 (2d Cir.), *cert. denied*, 395 U.S. 916, 89 S.Ct. 1766, 23 L.Ed.2d 231 (1969), the court pertinently observed:

> ... [I]t should be emphasized that the 'hesitate to act' language in our opinion more effectively conveys to a jury the meaning of reasonable doubt than most other formulations, *see Holland v. United States*, 348 U.S. 121 [75 S.Ct. 127, 99 L.Ed. 150] (1954), and if trial judges were to use such approved phraseology consistently, this court would not repeatedly face the problem of studying possible deficiencies and hidden implications attributed to other language, including the ambiguous term 'moral certainty' in its many variations.

Finally, we reject appellant's argument that the trial court's language "real possibility that he is not guilty" shifted the burden to the defendant. We agree with the decision in *United States v. Bustillo, supra*, that a reasonable doubt instruction containing the "real possibility" language of innocence is similar to the approved "real doubt" as to guilt. 789 F.2d at 1369.

The giving of the instruction containing this language did not constitute plain error.

We AFFIRM.