982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lloyd SHANKS, Jr., Petitioner-Appellant,
v.
Gordon N. ZELEZ, Colonel, Respondent-Appellee.
 No. 92-3271.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and BARRETT, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 Lloyd Shanks, appearing pro se, appeals from the orders of the district court dismissing his habeas corpus petition and denying him leave to proceed in forma pauperis on appeal.
 
 
 2
 In 1980, Shanks was convicted by general military court-martial of conspiracy, premeditated murder, murder, and communication of a threat. He was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for life. Shanks moved for a new trial. The United States Court of Military Review affirmed his conviction and sentence. The United States Court of Military Appeals denied his petition for grant of review.
 
 
 3
 In 1987, Shanks sent a copy of his motion for a new trial to the United States Army Defense Appellate Division. The petition was denied as out of time. Shanks sent a similar petition to the Court of Military Appeals, and that court construed the petition as a petition for extraordinary relief and appointed counsel to represent Shanks. Shanks' motion was subsequently denied by the Court of Military Appeals, as was his motion for reconsideration.
 
 
 4
 Thereafter, Shanks filed the habeas corpus petition herein alleging that: he was denied due process by the conflict between the two-thirds vote of the court-martial required to convict and the three-fourths vote of the court-martial required to sentence him to life imprisonment; the military judge erred in instructing on the meaning of reasonable doubt; and he was denied effective assistance of counsel.
 
 
 5
 Within its order dismissing Shanks' petition for habeas corpus, the district court initially observed that the standard of review for military habeas corpus cases is extremely narrow, and "no review of a petition for habeas corpus [is] possible when the defendant's claims [have been] fully and fairly considered by the military courts," quoting Dodson v. Zelez, 917 F.2d 1250, 1252 (10th Cir.1990). Thereafter, the district court applied Dodson and Monk v. Zelez, 901 F.2d 885 (10th Cir.1990), in finding/concluding that Shanks' claims were fully and fairly considered by the military courts, his petition should be dismissed, and all relief should be denied.
 
 
 6
 Shanks filed a notice of appeal from the court's order of dismissal. Under 28 U.S.C. § 2253 and Fed.R.App.P., rule 22(b), 28 U.S.C., an appeal may not be taken from the final order in a habeas proceeding unless the judge who rendered the order issues a certificate of probable cause. The district court, after finding that Shank's allegations on appeal were legally frivolous and not taken in good faith, declined to issue a certificate of probable cause. We grant Shanks' motion for leave to proceed on appeal without prepayment of costs or fees.
 
 
 7
 On appeal, Shanks raises the exact issues presented to the district court.
 
 
 8
 Our review of the district court's dismissal of Shanks' petition is de novo. Khan v. Hart, 943 F.2d 1261, 1262 (1991). However, "[o]ur jurisdiction to review a military conviction for constitutional error is limited because habeas jurisdiction of a federal civil court does not extend to reassessment of the facts and issues fully and fairly considered by a military court." Id., citing Burns v. Wilson, 346 U.S. 137, 142 (1953). Our review is limited to determining whether the district court properly analyzed Shanks' petition and properly determined that Shanks could not make any rational argument on the law or the facts. Coppedge v. United States, 369 U.S. 438 (1962).
 
 
 9
 Applying these standards, we are satisfied that the district court properly considered Shanks' petition and correctly found that Shanks could not make any rational argument in law or in fact in support of the issues raised on appeal. We affirm the order of the district court denying Shanks' application for a certificate of probable cause substantially for the reasons set forth in the district court's Orders of June 24, 1992, and July 30, 1992, copies of which are attached hereto and made a part hereof.
 
 
 10
 The mandate shall issue forthwith.
 
 ATTACHMENT
 
 11
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT COURT OF KANSAS
 
 
 12
 LLOYD SHANKS, JR., Petitioner,
 
 
 13
 v.
 
 
 14
 COL. GORDON N. ZELEZ, Respondent.
 
 
 15
 Case No. 88-3400-R.
 
 
 16
 June 24, 1992.
 
 MEMORANDUM AND ORDER
 
 17
 This matter comes before the court on a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. In 1980, petitioner was convicted by general court-martial of conspiracy, premeditated murder, murder, and communication of a threat. Petitioner was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for life. In this action, petitioner raises three allegations of constitutional error: (1) that he was denied due process by the conflict between the two-thirds vote of the court-martial required to convict and the three-fourths vote of the court-martial required to sentence him to a life imprisonment; (2) that the military judge erred when he instructed the court on the meaning of reasonable doubt; and (3) that he was denied the effective assistance of counsel. Respondent filed an answer and return to the petition and petitioner filed a traverse. Thereafter, respondent filed a supplemental memorandum disclosing arguably adverse legal authority. Having reviewed the record, the court makes the following findings and order.
 
 Factual and Procedural Background
 
 18
 Petitioner stands convicted of charges resulting from a drug deal gone awry. Following a bad drug buy, William Johnson, the actual triggerman, and petitioner conspired and carried out the gangland-type slaying of Zollie Richardson and Howard Steele. Although it is conceded that Johnson, not petitioner, fired the murder weapon, there was substantial evidence that petitioner was completely involved in the planning and carrying out of the crime. Petitioner was found guilty of having aided and abetted Johnson, later known as Yahmii Balogun Uhuru.
 
 
 19
 Following his conviction, petitioner filed a motion with the Convening Authority for a new trial. Petitioner claimed that had Uhuru been called to testify at petitioner's trial, he would have cleared petitioner of any wrongdoing in the crimes. The motion was denied.
 
 
 20
 The United States Army Court of Military Review (ACMR) affirmed the conviction and sentence. The United States Court of Military Appeals (CMA) denied petitioner's petition for grant of review.
 
 
 21
 In 1987, petitioner sent a copy of his original motion for a new trial to the United States Army Defense Appellate Division (DAD). The petition was construed as a petition for a new trial and was denied as out of time. A similar petition was sent to the CMA and was construed by that body as a petition for extraordinary relief. Counsel was appointed and a petition similar to a writ of habeas corpus was filed with the CMA.
 
 
 22
 The petition was denied as was petitioner's motion for reconsideration.
 
 
 23
 On October 28, 1988, petitioner filed this action.
 
 Standard of Review
 
 24
 The standard of review for military habeas cases is extremely narrow. Relying upon Burns v. Wilson, 346 U.S. 137 (1953), the Tenth Circuit Court of Appeals has consistently held "that no review of a petition for habeas corpus was possible when the defendant's claims were fully and fairly considered by the military courts." Dodson v. Zelez, 917 F.2d 1250, 1252 (10th Cir.1990). In Dodson, the court identified four factors which would be helpful in determining whether review of a military conviction on habeas corpus is warranted. These factors are: (1) the asserted error must be of substantial constitutional dimension; (2) the issue must be one of law rather than disputed fact already determined by the military tribunals; (3) military considerations may warrant different treatment of constitutional claims; and (4) the military must give adequate consideration to the issues involved and apply proper legal standards. Id. at 1252-53. With these inquiries in mind, the court will now review petitioner's claims.
 
 
 25
 Conflict between voting procedure for conviction and sentence
 
 
 26
 Petitioner claims he was denied his constitutionally guaranteed right to due process because there is an inconsistency between the two-thirds vote necessary to convict and the three-fourths vote necessary to sentence to life imprisonment. Article 52(a) of the Uniform Code of Military Justice (UCMJ) provides that a two-thirds vote of court members is required to find an accused guilty of any offense. Article 52(b) provides that a three-fourths vote of court members is required to sentence an accused to life imprisonment or to confinement for ten years or more. However, Article 118, UCMJ, further provides that an accused found guilty of premeditated murder "shall suffer death or imprisonment for life as a court-martial may direct." The result is a minimum mandatory sentence of life imprisonment for premeditated murder.
 
 
 27
 The gist of petitioner's argument is that he was essentially sentenced to life imprisonment when two-thirds of the court voted for his conviction of premeditated murder. Since the death sentence requires a unanimous vote, petitioner claims that any vote following a non-unanimous vote for death is a matter of form rather than substance because the only choice left to the court-martial on a premeditated murder conviction is life imprisonment.
 
 
 28
 Because this issue is of constitutional dimension and one of law rather than fact, this court may review the claim.
 
 
 29
 The necessity of a vote of three-fourths of the members of the court-martial was recently and thoroughly discussed in Dodson, supra. In Dodson, the defendant claimed that the court-martial committed reversible error because no three-fourths vote was taken on his mandatory sentence. The government argued that on a mandatory sentence a vote is unnecessary. Relying on both the wording of the statute and the 1969 Manual for Courts-Martial, the Tenth Circuit Court of Appeals held "that a three-fourths vote is required on all sentences of life imprisonment, even if the sentence is mandatory." Dodson, 917 F.2d at 1260. The court reasoned that if a three-fourths vote could not be reached, under the wording of the Manual, a mistrial is declared, and the convening authority, in its discretion, may direct a rehearing on the sentence from another court. Id. at 1260-61. The court concluded that the convening authority also has the discretion to order no punishment. Id. at 1261.
 
 
 30
 Thus, contrary to petitioner's assertion in the present case that his due process rights had been violated by the taking of the three-fourths vote on the sentence, the Tenth Circuit Court of Appeals has held that a "court-martial's failure to follow the statutory requirements" is a violation of a defendant's right to due process.
 
 
 31
 The court concludes petitioner's right to due process was not denied.
 
 
 32
 Error in the instruction on reasonable doubt
 
 
 33
 Petitioner's second claim is that the military judge erred when he instructed the panel on reasonable doubt. This issue is also of constitutional dimension and a question of law.
 
 
 34
 First it must be noted that petitioner raised no contemporaneous objection to the instruction. Second, the issue of the instruction was thoroughly briefed and reviewed by the ACMR and the CMA. The issue, therefore, was fully and fairly heard by the military tribunals. Dodson, at 1252-53.
 
 
 35
 Respondent, however, has filed a supplemental memorandum disclosing adverse authority on the issue of an erroneous reasonable doubt instruction. The court will address the issue.
 
 
 36
 In Monk v. Zelez, 901 F.2d 885 (10th Cir.1990), the court granted appellant's petition for writ of habeas corpus based upon such an instruction. Monk challenged an instruction which used the terms "substantial doubt" and "willing to act" as part of the charge to the members of the court-martial. The Tenth Circuit Court of Appeals found the combination of the terms constitutionally defective. Id. at 890.
 
 
 37
 The distinctions between Monk and the present case are critical. First, Monk offered an alternative and correct instruction and, thus, objected to the infirm instruction. Petitioner did not object. And second, the alleged infirm instruction in the present case did not contain the term "substantial doubt." Therefore the language prohibited by Monk did not exist in this case. Furthermore, subsequent to Monk, the Tenth Circuit Court of Appeals refused to find reversible error when a reasonable doubt instruction contained the term "willing to act."[1]
 
 Ineffective Assistance of Counsel
 
 38
 Petitioner claims he received ineffective assistance of counsel at the trial level. Specifically, petitioner claims that had counsel secured the testimony of Uhuru at petitioner's trial the outcome would have been different. This claim is clearly of constitutional dimension and presents a mixed question of law and fact that has been raised before the Convening Authority on motion for a new trial, but was not raised before the ACMR or before the CMA on appeal. However, in petitioner's motion for extraordinary writ before the CMA, and his motion for reconsideration, the issue was again raised.
 
 
 39
 Petitioner's motion before the CMA was summarily denied. Such a denial, however, does not preclude a finding that the issue was given a full and fair consideration by the military courts. Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.) cert. denied 476 U.S. 1184 (1986).
 
 
 40
 The court finds this issue was fully and fairly considered by the military courts and will not be reevaluated in this forum. The court's conclusion rests upon its finding that the military courts had access to documentation adequately demonstrating the performance of petitioner's counsel and were thereby able to make an informed review of the legal assistance accorded petitioner.
 
 
 41
 IT IS THEREFORE BY THE COURT ORDERED that this action is dismissed and all relief denied. The clerk of the court is directed to transmit copies of this Memorandum and Order to petitioner and to the Office of the United States Attorney.
 
 
 42
 ----------------Richard D. Rogers
 
 
 43
 ----------------RICHARD D. ROGERS
 
 
 44
 ----------------United States District Judge
 
 
 45
 LLOYD SHANKS, Petitioner,
 
 
 46
 v.
 
 
 47
 COL. GORDON N. ZELEZ, Respondents.
 
 
 48
 Case No. 88-3400-R.
 
 
 49
 July 30, 1992.
 
 ORDER
 
 50
 Petitioner commenced this action in habeas corpus on October 28, 1988. All relief was denied and the action dismissed by Memorandum and Order of June 24, 1992. Petitioner has filed a Notice of Appeal from the order of dismissal. Under the provisions of 28 U.S.C. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure, Title 28, U.S.C., this appeal may not proceed unless a district judge or circuit judge issues a certificate of probable cause.
 
 
 51
 For the reasons set forth in the Memorandum and Order of June 24, 1992, and because petitioner's allegations on appeal are conclusional and frivolous, the court finds the appeal is legally frivolous and is not taken in good faith. Accordingly, this court declines to issue a certificate of probable cause.
 
 
 52
 IT IS BY THE COURT THEREFORE ORDERED that petitioner is hereby denied leave to proceed in forma pauperis on appeal. The clerk of the court is directed to transmit copies of this order to petitioner and respondent.
 
 
 53
 ----------------Richard D. Rogers
 
 
 54
 ----------------RICHARD D. ROGERS
 
 
 55
 ----------------United States District Judge
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In U.S. v. Barrera-Gonzales, 952 F.2d 1269 (10th Cir.1992), the court did not explicitly reject the "willingness to act" language but once again encouraged judges to utilize the "hesitate to act" language articulated by the United States Supreme Court in Holland v. United States, 348 U.S. 121 (1954)