61 F.3d 914
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark A. ROBINSON, Defendant-Appellant.
 No. 93-30321.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided July 26, 1995.
 
 Before: SKOPIL, BOOCHEVER, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Robinson appeals his conviction and sentence for distribution and possession with intent to distribute methamphetamine (21 U.S.C. Sec. 841(a)(1)) and for being a felon in possession of a firearm (18 U.S.C. Sec. 922(g)). We affirm.
 
 DISCUSSION
 
 3
 I. The District Court Did Not Err in Instructing the Jury that Proof Beyond a Reasonable Doubt is Proof that Leaves the Jury "Firmly Convinced" of the Defendant's Guilt
 
 
 4
 Robinson challenges the definition of reasonable doubt given by the district court to the jury in its instructions. The instruction stated in pertinent part:
 
 
 5
 A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. It is not required, however, that the Government prove guilt beyond all possible doubt. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.
 
 
 6
 The instruction was taken almost verbatim from Ninth Circuit Model Criminal Jury Instruction 3.03.
 
 
 7
 Although Robinson had an opportunity to object to the jury instructions, and did in fact take exception to a number of the instructions, Robinson never objected to the reasonable doubt instruction.
 
 
 8
 When a defendant fails to object to a jury instruction at trial, the instruction is reviewed for plain error. United States v. Ward, 914 F.2d 1340, 1344 (9th Cir.1990). Reversing a criminal conviction on the basis of plain error is "an exceptional remedy," and should be invoked " 'only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process.' " Id. (quoting United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986)).
 
 
 9
 Robinson argues that the instruction is improper because the phrase "firmly convinced" suggests that a defendant may be convicted so long as there is proof of guilt by "clear and convincing evidence," rather than proof beyond a reasonable doubt. Robinson thus contends that the instruction in this case reduced the government's burden of proof and allowed the jury to convict on a lesser showing than due process requires.
 
 
 10
 As Robinson acknowledges, however, there is clear Ninth Circuit authority to indicate that the reasonable doubt instruction given in this case was not improper. See United States v. Velasquez, 980 F.2d 1275, 1278-79 (9th Cir.1992) (reasonable doubt jury instruction using the term "firmly convinced" was not reversible error), cert. denied, 113 S.Ct. 2979 (1993); United States v. Bustillo, 789 F.2d 1364, 1368 (9th Cir.1986) (reasonable doubt jury instruction containing the term "firmly convinced" was not plain error). Under Velasquez and Bustillo, Robinson's challenge to the jury instruction given in this case fails.
 
 
 11
 Robinson argues, however, that the holdings in those cases were incorrect and that they should be overturned in light of subsequent Supreme Court decisions. None of the Supreme Court cases cited by Robinson, however, alters the result in Velasquez and Bustillo or requires us to reexamine the holdings of those two cases.
 
 
 12
 Moreover, a number of other circuits have also upheld jury instructions which use the term "firmly convinced." See, e.g., United States v. Taylor, 997 F.2d 1551, 1557 (D.C.Cir.1993) (rejecting argument that "firmly convinced" language lowers the government's burden of proof); United States v. Barrera-Gonzales, 952 F.2d 1269, 1273 (10th Cir.1992); United States v. Hunt, 794 F.2d 1095, 1100-01 (5th Cir.1986).
 
 
 13
 Therefore, in light of Velasquez and Bustillo, and the lack of Supreme Court precedent to dictate otherwise, we conclude that the jury instruction given by the district court was not plain error.
 
 
 14
 II. The District Court Did Not Err in Sentencing Robinson as a Second Offender under 21 U.S.C. Secs. 841(b)(1), 851(a)
 
 
 15
 The district court sentenced Robinson to a mandatory minimum of ten years imprisonment under Sec. 841(b)(1)(B)(viii) because Robinson had a prior Washington state felony conviction for possession of methamphetamine. Robinson argues that the sentence was not authorized under Sec. 851(a) because his prior felony drug offense was not prosecuted by indictment.
 
 Section 851(a) provides in pertinent part:
 
 16
 (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court ... stating in writing the previous convictions to be relied upon....
 
 
 17
 (2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.
 
 
 18
 21 U.S.C. Sec. 851(a)(1), (2) (emphasis added). Robinson contends that the requirement of "prosecution by indictment" refers to the prior conviction, not the current offense. Thus, he argues that his prior Washington state conviction cannot be used to enhance his sentence because he was prosecuted by information rather than by indictment.
 
 
 19
 We rejected the identical argument, however, in United States v. Espinosa, 827 F.2d 604, 617 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988), and held that the statutory requirements of Sec. 851(a)(2) refer to the current drug offense, not the prior state felony drug conviction. So long as the current offense has been prosecuted by indictment, the prior conviction can be used to enhance the sentence under Sec. 851. See id.
 
 
 20
 Robinson concedes that Espinosa is controlling, but he argues that Espinosa should be overturned in light of subsequent Supreme Court decisions emphasizing the rule of lenity in construing criminal statutes. The rule of lenity, however, which demands resolution of ambiguities in criminal statutes in favor of the defendant, applies only when a statute remains ambiguous after considering the language, structure, legislative history, and motivating policies behind the statute. See Moskal v. United States, 498 U.S. 103, 108 (1990). In Espinosa, after considering the text, structure, and policies underlying Sec. 851(a), the court found that the statute was not ambiguous. Therefore, the rule of lenity is inapplicable in this case where the statute's meaning is plainly discernible.
 
 
 21
 Every other circuit that has considered the issue has agreed with and relied upon Espinosa in finding that Sec. 851(a)'s "prosecution by indictment" requirement refers to the current offense.[1]
 
 
 22
 In this case, the current offense was prosecuted by indictment and the government duly filed an information which specified Robinson's prior felony drug conviction as required by Sec. 851(a). Therefore, in light of Espinosa, we conclude that the district court did not err in using Robinson's prior conviction to impose a mandatory ten-year minimum sentence.
 
 
 23
 III. Robinson Cannot Maintain His Ineffective Assistance of Counsel Claim in This Direct Appeal
 
 
 24
 To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Ineffective assistance claims are ordinarily reviewed only in habeas corpus proceedings, rather than on direct appeal, because the claims usually cannot be resolved without the development of facts outside the record. See United States v. Sitton, 968 F.2d 947, 960 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992). When the record on appeal, however, is sufficiently developed to permit consideration of the claim, the court may decide the issue. See United States v. Baldwin, 987 F.2d 1432, 1437 (9th Cir.), cert. denied, 113 S.Ct. 2948 (1993).
 
 
 25
 The record here is not sufficiently developed to resolve Robinson's claims. Robinson argues that his attorney's performance during the sentencing phase was deficient because he failed to request a continuance in order to obtain the results of an independent lab test of the purity of the methamphetamine. The government's lab report which was admitted into evidence at trial indicated that the batch of methamphetamine purchased from Robinson and the batch seized from his motel room were 90% pure and contained 12.69 and 25.38 grams of pure methamphetamine, well over the 10-gram quantity required for the statutory mandatory minimum sentence. The defense had the drugs retested at an independent laboratory, but at the time of sentencing, the test results were not back. Defense counsel therefore "reserve[d] the right to make post trial motions" if the test results indicated a different purity level. Robinson argues that his counsel should have asked the court to delay sentencing until the test results had been obtained.
 
 
 26
 It is not possible to determine on this record, however, how the failure to ask for a continuance prejudiced Robinson. There are no facts to suggest that the independent lab tests produced a purity level significantly lower than that found by the government lab test. The record therefore does not reveal an error from which we could conclude Robinson received ineffective assistance of counsel.
 
 
 27
 Robinson also argues that his counsel's performance was deficient because he failed to request a continuance to challenge Robinson's prior conviction before it was used to enhance his sentence. Under 21 U.S.C. Sec. 851(b) and (c), any challenge to a prior conviction that is not made in writing before sentencing is waived. Robinson did not file such a written challenge. At sentencing, Robinson's counsel stated that he had "not had the opportunity to specifically look into this in any detail," but "reserve[d] the right to probably attack a state conviction or another conviction" at a later time. Robinson argues that his counsel was completely unfamiliar with the procedures for attacking prior convictions in Sec. 851 and that he should have requested a continuance to investigate whether there were grounds for challenging his prior conviction.
 
 
 28
 Again, however, it not clear from this record how the failure to obtain a continuance prejudiced Robinson's case. There is no allegation that Robinson's prior conviction was in fact invalid or subject to attack. Without indicating on what basis he would have challenged his prior conviction, Robinson cannot maintain his ineffective assistance of counsel claim in this direct appeal. Robinson in fact concedes that he "has not made, and cannot on this record make, a showing of prejudice."
 
 
 29
 Because Robinson's claim of ineffective assistance of counsel requires the development of facts outside the record, we decline to consider his claim.
 
 CONCLUSION
 
 30
 We affirm Robinson's conviction and sentence and decline to review his ineffective assistance of counsel claim.
 
 
 31
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See United States v. Harden, 37 F.3d 595, 600-01 (11th Cir.1994) (agreeing with Ninth Circuit's "carefully reasoned opinion" in Espinosa ); United States v. Trevino-Rodriguez, 994 F.2d 533, 536 (8th Cir.1993); United States v. Burrell, 963 F.2d 976, 992-93 (7th Cir.) (adopting Ninth Circuit's interpretation of Sec. 851(a)(2) in Espinosa ), cert. denied, 113 S.Ct. 357 (1992); United States v. Adams, 914 F.2d 1404, 1407 (10th Cir.) ("fully agree[ing]" with interpretation and reasons set forth in Espinosa ), cert. denied, 498 U.S. 1015 (1990)