United States Court of Appeals,

Fifth Circuit.

No. 94-30248

Summary Calendar.

Frank BIAS, Sr., Plaintiff-Appellant,

v.

Richard P. IEYOUB, Attorney General, State of Louisiana, and Richard Stalder, Secretary, Department of Corrections, Defendants-Appellees.

Nov. 2, 1994.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before REAVLEY, HIGGINBOTHAM and EMILIO M. GARZA, Circuit Judges.

REAVLEY, Circuit Judge:

Frank Bias (Bias), a Louisiana state prisoner, was convicted of one count of aggravated rape (La.Rev.Stat. § 14:42 (West 1986)) and one count of aggravated kidnapping (La.Rev.Stat. § 14:44 (West 1986)) and was sentenced to serve life for each conviction. His convictions were affirmed on appeal. *See, State v. Bias,* 514 So.2d 571 (La.Ct.App.1987), *cert. denied,* 519 So.2d 114 (La.1988). Subsequently, Bias filed applications for post-conviction relief in state trial court, alleging that: (1) his dual convictions for aggravated rape and aggravated kidnapping violated his constitutional protection against double jeopardy; (2) the evidence produced at trial was insufficient to support his aggravated rape and aggravated kidnapping convictions; and (3) the trial court erroneously instructed the jury regarding reasonable doubt in violation of *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct.

328, 112 L.Ed.2d 339 (1990).  The state courts denied relief. *State v. Frank Bias,* No. 92-KW-1291 (La.Ct.App. June 29, 1992), *cert. denied,* 610 So.2d 815 (La.1993).  Bias raised the same claims in his application for federal habeas corpus relief to the United States District Court for the Eastern District of Louisiana and the trial court denied relief.  Bias now appeals the federal district court's dismissal of the writ.  We affirm.

DISCUSSION

We approve the trial court's decision that there was no double jeopardy violation.  Under *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), there is no double jeopardy violation if each crime requires an element of proof which the other does not.  Aggravated kidnapping requires proof that the accused either forcibly seized and carried the victim from one place to another, or that the accused enticed or persuaded the victim to go from one place to another.  This is not an element of aggravated rape.  Aggravated rape requires proof that the victim was prevented from resisting sexual intercourse because of one or more of various circumstances.  In this case, the pertinent circumstances were "threats of great or immediate bodily harm, accompanied by apparent power of execution."  This is not an element of aggravated kidnapping.  *See* La.Rev.Stat.Ann. § 14:41 and § 14:42;  *see also State v. Neal,* 550 So.2d 740, 743 (La.Ct.App.1989) (holding that aggravated kidnapping and aggravated rape each have different elements and therefore convictions for both do not cause a double jeopardy violation).

2

We also approve the district court's determination that, viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Pruneda-Gonzalez,* 953 F.2d 190, 193 (5th Cir.), *cert. denied, ---* U.S. ----, 112 S.Ct. 2952, 119 L.Ed.2d 575 (1992). Bias argues that the evidence was not sufficient to sustain the conviction of aggravated rape as opposed to forcible rape and the evidence was not sufficient to sustain the conviction of aggravated kidnapping. A co-defendant testified that the three men "raped" the victim. The victim in this case testified and a co-defendant confirmed that the defendant had ready access to his gun at all times. Therefore, a reasonable jury could have found that the rape was aggravated because the victim was "prevented from resisting the [rape] by threats of great and immediate bodily harm, accompanied by apparent power of execution." *See* La.Rev.Stat.Ann. § 14:42.

The victim testified that she got into the police car because she was promised that she would be driven home. She testified that instead she was taken to a secluded place and not released until after the three men raped her against her will. The jury found this testimony credible and decided that an aggravated rape and aggravated kidnapping took place. A reviewing court must accept the credibility choices of the jury, unless clear error has been shown. *United States v. McKenzie,* 768 F.2d 602, 605 (5th Cir.1985), *cert. denied,* 474 U.S. 1086, 106 S.Ct. 861, 88 L.Ed.2d 900 (1986). We hold that the jury's verdict is a reasonable

3

construction of the evidence in this case.

Finally, Bias claims that the jury instruction given at his trial was unconstitutional under *Cage v. Louisiana,* because of the use of the words "moral certainty," and "actual or a substantial doubt." The Supreme Court did object to these phrases as used in the jury instruction given in *Cage.* 498 U.S. at 329-30, 111 S.Ct. at 743-44. In a more recent opinion, however, the Supreme Court has explained that the use of these phrases may not result in an unconstitutional jury instruction if the instruction as a whole conveyed the correct standard of proof. *Victor v. Nebraska,* --- U.S. ----, ----, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994). We hold that the jury instruction given in this case is constitutional under the standard set out by the Supreme Court in *Victor.*

In *Victor,* the Supreme Court stated that the language seen as problematic in the *Cage* instruction "cannot be sequestered from its surroundings." *Id.* at ----, 114 S.Ct. at 1248. Therefore, the Court held that a reference to moral certainty, when used in conjunction with a reference to an "abiding conviction" did not render the jury instruction unconstitutional. *Id.* at ----, 114 S.Ct. at 1247. As in *Victor,* the jury instruction in this case used the phrase "abiding conviction" in connection with the moral certainty phrase and therefore this phrase does not render the instruction unconstitutional. The Court in *Victor* also held that defining the necessary standard of doubt by using the words actual or substantial did not necessarily render the instruction unconstitutional if other language in the instruction clarified

4

ambiguity raised by the word substantial. *Id.* at ----, 114 S.Ct. at 1250. In *Victor,* the Court held that if "substantial" was intended to mean "not seeming or imaginary" rather than "a large degree," its use in the jury instruction would not be problematic. The instruction at issue in *Victor* went on to specify that the former and not the latter was the context in which the word was being used. Therefore, the instruction was not improper. *Id.* In this case, the instruction went on to state that the doubt must be a serious one and therefore also clarified the use of the words "actual or substantial" and avoided providing an unconstitutional standard.

AFFIRMED.