United States Court of Appeals,

Eleventh Circuit.

No. 94-6573.

Roy Avon HARVELL, Plaintiff-Appellant,

v.

John E. NAGLE, Warden;  Attorney General of the State of Alabama,
Defendants-Appellees.

July 21, 1995.

Appeal from the United States District Court for the Northern
District of Alabama. (No. CV-93-AR-467), William M. Acker, Jr.,
Judge.

Before KRAVITCH and BIRCH, Circuit Judges, and GOODWIN[*], Senior
Circuit Judge.

KRAVITCH, Circuit Judge:

The sole issue presented in this appeal from the district
court's denial of habeas corpus relief is whether the jury
instruction on reasonable doubt at Appellant's state trial for
murder was constitutionally sufficient.[1]  We hold that the jury
instruction did not violate Appellant's due process rights;
accordingly, we AFFIRM.

I.

The procedural background of this case is not disputed.  A
jury convicted Roy Avon Harvell of murder in August 1989;  he was
sentenced to life imprisonment without parole, and his conviction
was upheld on direct appeal.  *Harvell v. State,* 572 So.2d 889
(Ala.Crim.App.), *reh'g denied,* 575 So.2d 1253 (Ala.Crim.App.1990).

_____

[*]Honorable Alfred T. Goodwin, Senior U.S. Circuit Judge for
the Ninth Circuit, sitting by designation.

[1]The relevant portion of the trial court's instruction is
affixed to this opinion as an appendix.

Following state collateral proceedings, Harvell filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in federal district court, alleging, *inter alia,* that the state trial court's reasonable-doubt instruction denied him due process.[2]

The magistrate judge reviewing Harvell's petition recommended granting habeas relief on the reasonable-doubt instruction claim, based upon *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (per curiam) (reasonable-doubt instruction violated due process).[3] Before rendering its decision, however, the district court requested briefing to address the impact of an intervening Supreme Court case, *Victor v. Nebraska,* --- U.S. ----, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994),[4] upon the claim. After a *de novo* review of the record and consideration of the parties' submissions, the district court held that, in light of *Victor,* the jury instruction was not constitutionally defective and denied Harvell's habeas petition.[5]

II.

_____

[2]We note at the outset that no objection to the jury instruction was made at trial or on direct appeal. The parties, however, do not dispute that the Alabama courts later addressed this claim on the merits; thus, any procedural bar has lapsed. *See Alderman v. Zant,* 22 F.3d 1541, 1549 (11th Cir.) ("[S]hould a state court reach the merits of a claim notwithstanding a procedural default, the federal habeas court is not precluded from considering the merits of the claim."), *cert. denied,* --- U.S. ----, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994).

[3]The magistrate judge recommended denying relief as to all of Harvell's other claims.

[4]*Victor* and a companion case, *Sandoval v. California,* were decided together in a single opinion. *Id.*

[5]The district court adopted the magistrate judge's recommendation that the other claims raised by Harvell be denied. Harvell only appeals as to the reasonable doubt instruction.

In a criminal case, the government must prove each and every element of a charged offense beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Victor,* --- U.S. at ----, 114 S.Ct. at 1242. Although a court must instruct the jury that a defendant's guilt has to be proven beyond a reasonable doubt, the Supreme Court has stated that "the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." *Victor,* --- U.S. at ----, 114 S.Ct. at 1243. If a trial court defines reasonable doubt, however, it must explain the standard correctly, although "the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Id.*

When reviewing reasonable-doubt charges, we consider the instruction as a whole to determine if the instruction misleads the jury as to the government's burden of proof. *See United States v. Veltmann,* 6 F.3d 1483, 1492 (11th Cir.1993). The Supreme Court has phrased the proper constitutional inquiry as "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the *Winship* standard." *Victor,* --- U.S. at ----, 114 S.Ct. at 1243.

Harvell argues that the trial court's instruction on reasonable doubt violated his due process rights because the instruction equates reasonable doubt with: (1) "actual and substantial doubt" and (2) "moral certainty."[6] Harvell relies on

---

[6]We note that Harvell does not challenge the "two-inference" language in the charge, i.e., that the jury should acquit if the evidence permits a conclusion of either guilt or innocence. *See*

*Cage,* in which the Supreme Court held that the use of these terms, as well as the term "grave uncertainty," in a reasonable-doubt instruction violated the accused's due process rights. *Cage,* 498 U.S. at 39-41, 111 S.Ct. at 329-30. The *Cage* court explained:

> It is plain to us that the words "substantial" and "grave," as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable-doubt standard. When those statements are then considered with the reference to "moral certainty," rather than evidentiary certainty, it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause.

*Id.* We address the use of "actual and substantial doubt" and "moral certainty" in turn.[7]

### III.

Although the use of the term "actual and substantial doubt" is somewhat problematic and perhaps even ill-advised, the Supreme Court made clear, subsequent to *Cage,* that the use of such a term in the proper context, bolstered by adequate explanatory language, can survive constitutional scrutiny. *See Victor,* --- U.S. at ----, 114 S.Ct. at 1250; *Adams v. Aiken,* 41 F.3d 175, 182 (4th Cir.1994) ("*Victor* explains that the offending words can be neutralized by words or phrases that preclude the jury from requiring more than a reasonable doubt to acquit."), *cert. denied,* --- U.S. ----, 115 S.Ct. 2281, --- L.Ed.2d ---- (1995). The instruction challenged in

---

*United States v. Jacobs,* 44 F.3d 1219, 1226 (3d Cir.) (expressing disfavor with "two-inference" language), *cert. denied,* --- U.S. ----, 115 S.Ct. 1835, 131 L.Ed.2d 754 (1995). Accordingly, we do not address this possible contention.

[7]Although we examine each of the allegedly offending portions, we are mindful that in the end analysis the instruction's constitutionality is tested as a whole.

*Victor* provided in part:

> A reasonable doubt is an *actual and substantial doubt* arising from the evidence, from the facts or circumstances shown by the evidence, or from the lack of evidence on the part of the state, as distinguished from a doubt arising from mere possibility, from bare imagination, or from fanciful conjecture.

*Id.* --- U.S. at ----, 114 S.Ct. at 1249 (emphasis added by Supreme Court).

The Supreme Court held that the actual and substantial doubt language did not violate Victor's due process rights because the rest of the sentence made clear that substantial was being used in "the sense of existence rather than magnitude of the doubt." *Id.* at ----, 114 S.Ct. at 1250. In other words, in context, substantial meant actual or real rather than abundant or plentiful.

The surrounding language in the trial court's instruction in Harvell's case likewise established that substantial meant real and not imaginary. The trial court accomplished this in two ways. First, as in *Victor,* the instruction provided that substantial doubt arises from the evidence itself, stating that reasonable doubt had to be derived from the evidence, lack of evidence, or any part of the evidence.[8] Second, Harvell's instruction stated that reasonable doubt cannot be fanciful, vague, whimsical, capricious, conjectural or speculative.

> *The reasonable doubt which entitles Mr. Harvell to an acquittal, again, is not a mere fanciful, vague, conjectural*

---

[8]The instruction mentions approximately ten times, in one way or another, the need for the jury to base its decision upon the evidence. Although the constitutional inquiry should not be viewed as a pure "numbers game," we cannot ignore the impact of the trial court's repeated admonitions. It is unlikely that the jury in this case believed that it could go outside of the evidence presented to convict.

*or speculative doubt. But, a reasonable, substantial doubt arising from the evidence* and remaining after a careful consideration of the testimony such as reasonable and fair-minded and conscientious men and women such as yourselves would entertain under all the circumstances.

R1-5, Exh. A at 574 (emphasis added).[9]  This distinguishes *Cage,* where the substantial doubt language was not directly contrasted with another type of doubt. *See Cage,* 498 U.S. at 39-41, 111 S.Ct. at 329; *Victor,* --- U.S. at ----, 114 S.Ct. at 1250 ("This explicit distinction between a substantial doubt and a fanciful conjecture was not present in the *Cage* instruction.").  For these reasons, the instruction was not rendered constitutionally infirm by the reference to substantial doubt.

## IV.

We now turn to the trial court's use of the term "moral certainty."  In *Sandoval,* the companion case to *Victor,* the charge provided:

Reasonable doubt is defined as follows:  It is *not a mere possible doubt;* because everything related to human affairs, and *depending on moral evidence,* is open to some possible or imaginary doubt.  It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, *to a moral certainty,* of the truth of the charge.

*Victor,* at ----, 114 S.Ct. at 1244 (emphasis added by Supreme Court).

Sandoval raised two related challenges to the term "moral certainty":  (1) that it would be understood by modern jurors to mean a standard of proof lower than beyond a reasonable doubt, *id.* at ----, 114 S.Ct. at 1247;  and (2) "that a juror might be

_____

[9]The terms capricious and whimsical are mentioned elsewhere in the instruction.

convinced to a moral certainty that the defendant is guilty even though the government has failed to *prove* his guilt beyond a reasonable doubt." *Id.* at ----, 114 S.Ct. at 1248.

The Court rejected both possibilities in holding that Sandoval's charge was constitutional. *Id.* at ---- - ----, 114 S.Ct. at 1247-48. The first argument was rebuffed because the rest of the instruction lent content to the phrase "moral certainty." In particular, the Court emphasized the fact that the jurors were told that they had to have an abiding conviction, to a moral certainty, of the truth of the charge. *Id.* at ----, 114 S.Ct. at 1247. The abiding conviction language, in light of other portions of the instruction, served to impress upon the factfinder the proper standard of proof.[10] *Id.* Sandoval's second argument was rejected because the Court concluded that the charge as a whole communicated that the government had to meet its burden of proof through the evidence presented in the case. *Id.* at ----, 114 S.Ct. at 1248.

The instruction in *Victor* also contained the phrase "moral certainty"; it provided: "It is such a doubt as will not permit you, after full, fair, and impartial consideration of all the evidence, to have an abiding conviction, *to a moral certainty,* of the guilt of the accused." *Id.* at ----, 114 S.Ct. at 1249 (emphasis added by Supreme Court). The Court stated that the

---

[10]The Court explained: "As used in this instruction ... we are satisfied that the reference to moral certainty, in conjunction with the abiding conviction language, "impress[ed] upon the factfinder the need to reach a subjective state of near certitude of the guilt of the accused.' " *Victor,* --- U.S. at ----, 114 S.Ct. at 1247 (quoting *Jackson v. Virginia,* 443 U.S. 307, 315, 99 S.Ct. 2781, 2786-87, 61 L.Ed.2d 560 (1979)).

reference to an abiding conviction, as in *Sandoval,* did "much to alleviate any concerns that the phrase moral certainty might be misunderstood in the abstract."  *Id.* at ----, 114 S.Ct. at 1250. The Court also noted the instruction's use of an alternative definition ("doubt that would cause a reasonable person to hesitate to act"), *id.* at ---- - ----, 114 S.Ct. at 1250-51, and the instruction's emphasis on the evidence in the case, in holding that the term "moral certainty," while not countenanced, did not render Victor's charge unconstitutional.  *Id.*

As in *Sandoval* and *Victor,* any potential constitutional harm created by the moral certainty language in Harvell's case was eviscerated by the rest of the jury charge.[11]  The charge made clear that the jury was to render its decision based upon the evidence presented in the case.  Thus, any objection to the term "moral certainty," on the ground that it encouraged the jury to go outside of the evidence presented at trial in arriving at its verdict, is without merit.

Appellant correctly points out that his instruction lacked the definition of "moral" contained in *Sandoval* 's instruction[12] and did not provide a useful alternative definition of reasonable doubt as

---

[11]We emphasize that we do not endorse the use of such troublesome language;  rather, our inquiry is confined to whether Harvell's constitutional rights were violated by its invocation.

[12]The Supreme Court explained:  "[T]he judge had already informed the jury that matters related to human affairs are proven by moral evidence ... giving the same meaning to the word moral in this part of the instruction, moral certainty can only mean certainty with respect to human affairs."  *Id.* --- U.S. at ----, 114 S.Ct. at 1247.

in *Victor.*[13] Nevertheless, the instruction refers at least six times to the necessity for the jury to have an abiding conviction in either Harvell's guilt or the truth of the murder charge. The use of this term specifically was sanctioned by the Supreme Court in *Sandoval* and *Victor, id.* at ----, ----, 114 S.Ct. at 1247, 1250, and was not used in the instruction struck down in *Cage. See Cage,* 498 U.S. at 39-41, 111 S.Ct. at 329. The combination of the abiding conviction language and the rest of the instruction, which emphasized the jury's obligation to focus on the evidence presented in court, convinces us that it was not reasonably likely that the jury understood the instructions to allow conviction based on proof insufficient to meet the *Winship* standard. *Victor,* --- U.S. at ----, 114 S.Ct. at 1243; *see also Bias v. Ieyoub,* 36 F.3d 479, 481 (5th Cir.1994) (reference to moral certainty not unconstitutional where used in connection with the phrase "abiding conviction").[14]

V.

In sum, we conclude that the references to actual and substantial doubt and moral certainty in Harvell's reasonable-doubt instruction did not create a reasonable likelihood that the jury understood the instruction to allow conviction based on proof

---

[13]Appellant made this latter observation at oral argument.

[14]The Third Circuit has held that "[i]n light of the Supreme Court's criticism of the phrase "moral certainty,' it goes without saying that this antiquated phrase should no longer be used." *See United States v. Jacobs,* 44 F.3d 1219, 1226 (3d Cir.) (reviewing federal district court instruction), *cert. denied,* --- U.S. ----, 115 S.Ct. 1835, 131 L.Ed.2d 754 (1995). Absent a constitutional violation, we, of course, cannot dictate to state courts the language that they may properly use in their jury charges, but we do note that the use of this term does not illuminate the meaning of reasonable doubt and conceivably could be constitutionally infirm in a different context.

insufficient to meet the *Winship* standard.  Accordingly, we AFFIRM the district court's denial of Appellant's petition for a writ of habeas corpus.

AFFIRMED.

## APPENDIX

The state trial court in the present case charged the jury on reasonable doubt as follows:

> Let's don't forget the central issue that we are here about:  Are you convinced—and I will talk about the measure of proof in just a moment, *beyond a reasonable doubt and to a moral certainty* that the State has proven Roy Avon Harvell intentionally, that is purposely, shot and killed Mr. Midgett or shot him for the purpose of killing him....

>       *    *    *    *    *    *

> You have heard it said that the State has the burden of proof, the burden of persuasion, the burden of going forward with the evidence.

> What is the quantum of proof required in the Criminal Division?

> In the Civil Division, where you are arguing over real estate, perhaps, or money or products liability, things like this, the plaintiff, the one that brings the lawsuit, has to put on a preponderance of the evidence.  He has to convince the jury, that is, by the preponderance of the evidence in order for him to prevail;  just put on a tad bit more than the defendant might.

> In the Criminal Division, the State, the government, has a more onerous or higher burden.  The State has to bring you strong and cogent evidence that convinces you people beyond a reasonable doubt of Mr. Harvell's guilt before the presumption of evidence [sic] is overcome.

> So, let's stay for just a minute on that.  Again, we are talking about the quantum of proof required here in the case.

> The State does not have to prove guilt beyond all possible doubt, the State does not have to prove guilt to a mathematical certainty.  *And we are not talking, when we say a reasonable doubt, about a capricious, whimsical or fanciful doubt, but just use your common sense, a doubt founded upon a good, sound, sensible reason.*

So, the State, again, *has to prove guilt beyond a reasonable doubt or to a moral certainty* in order to overcome the presumption of innocence.

I would say this: If after a full and fair consideration of all the evidence in the case, if there should remain in your collective minds—I will remind you in a little while that your verdict has to be unanimous. But, *if there should remain in your collective minds an abiding conviction that Mr. Harvell is guilty of the unlawful homicide,* a killing without justification or excuse, intentional killing without justification or excuse, then you must convict.

On the other hand, *if after that same full and fair consideration of all the evidence in the case, if there does not remain in your collective minds that abiding conviction that he is guilty,* then that's kind of like saying that you are not convinced by the full measure of proof required by the law and he should be acquitted.

You should know that *a reasonable doubt may spring from the evidence, from a lack of evidence or from any part of the evidence.*

I would like to summarize in the area of the State's burden of proof by reading a little something from the Fuller case at 473 Southern 2d 1159. The State is not required to convince you of Mr. Harvell's guilt beyond all doubt and to the point that you could not possibly be mistaken, *but simply beyond all reasonable doubt and to a moral certainty.*

*If after comparing and considering all the evidence in the case, your minds are left in such a condition that you cannot say that you have an abiding conviction to a moral certainty of Defendant Harvell's guilt,* then you are not convinced beyond a reasonable doubt, and, of course, he would be entitled to an acquittal.

*The doubt which would justify an acquittal must be an actual and substantial doubt and not a mere possible doubt.*

*A reasonable doubt is not a mere guess or surmise, and it is not a forced, capricious doubt.*

As I stated earlier, *if you have an abiding conviction of the truth of the charge that is embraced in the indictment,* then you are convinced beyond a reasonable doubt and it would be your duty to convict.

*The reasonable doubt which entitles Mr. Harvell to an acquittal, again, is not a mere fanciful, vague, conjectural or speculative doubt. But, a reasonable, substantial doubt arising from the evidence* and remaining after a careful consideration of the testimony such as reasonable and

fair-minded and conscientious men and women such as yourselves would entertain under all the circumstances.

* * * * * *

So, I would say to you that *if after a full and fair consideration of all of the evidence in this case, if there should remain in your collective minds an abiding conviction that Mr. Harvell is guilty to the exclusion of all reasonable doubt,* then he should be convicted of the offense.

On the other hand, *if after that same full and fair consideration of all of the evidence in the case there does not remain in your minds that abiding conviction of guilt, then you should not convict the defendant,* but of course, he should be acquitted.

Much of this is repetitious. But, in this context, as you know, *a reasonable doubt may come from the evidence, from a lack of evidence or from any part of the evidence. Let's put it this way: if after considering all of the evidence in the case as measured against the applicable legal principles,* if your minds are left in a state of doubt or confusion as to whether or not Mr. Harvell is guilty of the offense of murder, or if the evidence suggests that it permits either of two conclusions, one of innocence and the other of guilt, then, of course, you should adopt the theory of innocence; the State not having proved their case by the full measure of proof required by the law.

Do remember that *a reasonable doubt which entitles Mr. Harvell to an acquittal is not a mere fanciful doubt, vague, conjectural or speculative doubt, but a reasonable doubt arising from the evidence and remaining after a careful consideration of the testimony.*

R1-5, Exh. A at 568-95 (emphasis added) (omissions indicated).