HOOPER, Chief Justice
(dissenting).
I must respectfully dissent. The issue in this ease is whether a trial judge must define “reasonable doubt.” The United States Supreme Court addressed this same issue in Victor v. Nebraska, 511 U.S. 1, -, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994):
“The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course. Indeed, so long as the court instructs the jury on the necessity that the defendant’s guilt be proven beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government’s burden of proof.”
(Emphasis added.) (Citations omitted.) See also Harvell v. Nagle, 58 F.3d 1541 (11th Cir.1995). In this case, it is undisputed that the trial judge informed the jury of the requirement of “reasonable doubt” at least six times.
Furthermore, the Alabama pattern jury instructions recognize the difficulties a judge faces in trying to define reasonable doubt: “The phrase ‘reasonable doubt’ is self-explanatory. Efforts to define it do not always clarify the term.” Alabama Pattern Jury Instructions — Criminal, 1.4 (3d ed.1994). The alternative charge, pattern jury charge 1.5, begins with the same language.
These suggested jury instructions go on to offer definitions of “reasonable doubt,” but they recognize the difficulties and hazards of attempting to define that term. The instructions state that “‘reasonable doubt’ is self-explanatory.” Moreover, the instructions warn judges and jurors that a judge’s attempts to define “reasonable doubt” may actually confuse jurors by creating even less clarity.
I agree with the drafters of the Alabama Pattern Jury Instructions — Criminal and with the United States Supreme Court that there is no requirement that a trial judge define “reasonable doubt.” Therefore, I would grant the petition for the writ of cer-tiorari in order to reverse the judgment of *484 the Court of Criminal Appeals. Accordingly, I must respectfully dissent.
MADDOX, J., concurs.