**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jason BURL, Defendant–Appellant.**

**No. 00–4343.**

United States Court of Appeals,
Seventh Circuit.

Submitted June 13, 2001.*

Decided June 28, 2001.

Before BAUER, Hon. COFFEY, and KANNE, Circuit Judges.

ORDER

A jury found Jason Burl guilty of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to 188 months' imprisonment and five years' supervised release. Burl now appeals, claiming that the district court erred when it declined his request to instruct the jury on the definition of "reasonable doubt." He also argues there was insufficient evidence to establish that he possessed the firearm. We affirm.

While patrolling their district on the afternoon of June 1, 2000, Milwaukee police officers Bodo Gajevic and Mitchell Ward noticed a black Cadillac with a defective rear lamp. When the officers ran the license plate through their mobile data computer, they learned that the plate was not registered to the Cadillac. Based on that information, the officers stopped the car. As they approached the Cadillac, a man opened the front passenger door and stepped outside. Officer Gajevic instructed him to get back in the car, but the man closed the car door and turned to face the officers. Both officers testified that the man then reached into his waistband with his right hand, removed a black semi-automatic pistol, and fled the scene on foot. Officer Gajevic pursued the suspect but could not catch him. While in pursuit, Officer Gajevic noticed that the man was shifting the gun between his left and right hands. After losing sight of the suspect, the officer radioed for backup, believing that the man might have entered a nearby school. Meanwhile, additional officers had arrived to secure the black Cadillac, and Officer Ward had walked down the block and located a black semi-automatic pistol in the front yard of a nearby house. Officer Ward remained with the gun until detectives arrived and placed the gun in police evidence. The next day, in two separate photo arrays, both Officer Gajevic and Officer Ward identified defendant Jason Burl as the fleeing suspect. And at trial both officers testified that they were "one hundred percent sure" that the person who had a firearm and fled from Officer Gajevic on June 1, 2000 was Burl. One fingerprint was lifted from the Cadillac's exterior passenger-side mirror, which the parties stipulated belonged to Burl, but no fingerprints were recovered from the gun. The parties also stipulated that: (1) Burl previously had been convicted of a crime punishable by more than one year in prison; (2) the pistol recovered by Officer Ward was a firearm as defined under 18 U.S.C. § 921(a)(3); and (3) the firearm was an Italian-made Beretta brand, model 92F, 9 millimeter semi-automatic pistol that had traveled in foreign and interstate commerce to reach the Eastern District of Wisconsin.

At trial two of the other occupants in the Cadillac testified that Burl was not in the car on June 1 and that he was not the man that Officer Gajevic chased. Willie Parchman testified that he was the driver. He stated that the front-seat passenger pursued by the police was not Burl, but rather was a man named "Jerry" whom Parchman had known for over five years (but whose last name Parchman did not know). Parchman testified that he had seen Burl in the past but had never been friends with him and had never given him rides in the Cadillac. Marvin Trotter, another passenger in the Cadillac, also testified for the defense. He stated that he did not know the front-seat passenger, other than that he was a friend of Parchman's who went by the name "C." Trotter also testified that he had seen Burl only once before at another court hearing, and that he had

never seen Burl in the Cadillac. Both men admitted being felons.

Burl testified on his own behalf. He denied being in the Cadillac, and denied brandishing a weapon or fleeing the scene. Burl has only three fingers on his right hand, the result, he said, of a shotgun injury when he was a teen; he testified that he cannot move his fingers or grip a gun. Burl introduced medical reports that confirmed the 1992 shooting accident, but no one other than Burl testified that he was unable to hold a gun in his right hand. The medical reports describe the treatment Burl received in relation to the 1992 accident but do not address the residual function in his hand. In a post-*Miranda* statement given to the police after his arrest on June 2, Burl claimed that he spent June 1 with a friend named "Marcus" but provided no particulars, including Marcus's last name and the places they had visited. In that same statement, moreover, Burl told police that if the detective said that Burl's fingerprint was on the Cadillac, the detective would be lying or mistaken.

After the close of the evidence, Burl's counsel requested a jury instruction that would define "reasonable doubt." The district court declined to give that instruction. The next day the jury returned a guilty verdict against Burl. On October 2, 2000, Burl filed a Motion for Judgment of Acquittal and a Motion for a New Trial, which the district court denied. On December 19, 2000, Burl was sentenced to 188 months' imprisonment and five years' supervised release. The judgment of conviction and commitment was entered on December 22, and a timely notice of appeal was filed on December 28, 2000.

■ Burl argues that the district court abused its discretion in refusing to give his requested jury instruction defining reasonable doubt. We review the trial court's decision for an abuse of discretion. *See*

*United States v. Collins,* 223 F.3d 502, 507 (7th Cir.2000); *United States v. Reynolds,* 64 F.3d 292, 298 (7th Cir.1995). Burl urges us to adopt the holding of other circuits that have approved the use of jury instructions that define the term "reasonable doubt." *See, e.g., United States v. Pepe,* 501 F.2d 1142, 1143 (10th Cir.1974); *Friedman v. United States,* 381 F.2d 155, 160 (8th Cir.1967); *Holland v. United States,* 209 F.2d 516, 523 (10th Cir.1954). But Burl correctly concedes that circuit precedent is adverse to his position and acknowledges that we have consistently recommended that trial courts refrain from defining "reasonable doubt" for the jury. *See United States v. Bruce,* 109 F.3d 323, 329 (7th Cir.1997) (it is well established in this Circuit that neither trial courts nor counsel should attempt to define "reasonable doubt"); *United States v. Hanson,* 994 F.2d 403, 408 (7th Cir.1993) (attempts to define reasonable doubt present risk without any real benefit); *United States v. Langer,* 962 F.2d 592, 600 (7th Cir.1992) (reasonable doubt is self-explanatory and further definition would confuse the jury); *United States v. Hall,* 854 F.2d 1036, 1039 (7th Cir.1988) (reasonable doubt definitions are unhelpful to a jury and potential impair defendant's constitutional right to have the government prove each element beyond a reasonable doubt).

■ In *Victor v. Nebraska,* 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), which was decided after the cases Burl cites in support of his position, the Supreme Court held that, although the "beyond a reasonable doubt" standard is a requirement of due process in criminal cases, "the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course"; so long as the trial court instructs the jury that proof beyond a reasonable doubt is necessary to convict, the Constitution does not require that any particular words be used, including those that define

the term. *Id.* at 5, 114 S.Ct. 1239. Thus, although some circuits ·have held (prior to *Victor*) that such definition is encouraged or even required, the majority of the circuits hold, in accordance with *Victor*, that no such instruction is required. *See United States v. Agne*, 214 F.3d 47, 55 n. 4 (1st Cir.2000); *United States v. Hernandez*, 176 F.3d 719, 728 (3d Cir.1999); *Earhart v. Johnson*, 132 F.3d 1062, 1069 (5th Cir. 1998); *United States v. Desimone*, 119 F.3d 217, 226–27 (2d Cir.1997); *Harvell v. Nagle*, 58 F.3d 1541, 1542 (11th Cir.1995); *United States v. Garza*, 980 F.2d 546, 555 (9th Cir.1992); *United States v. Woods*, 812 F.2d 1483, ·1487–88 (4th Cir.1987). Burl's argument fails to give this court any reason to alter its precedent. The district court did not abuse its discretion because the due process clause does not require that the jury be instructed on the meaning of "reasonable doubt."

█ Burl next argues that there was insufficient evidence to convict him of possession of a firearm by a felon. He essentially challenges the credibility of the witnesses, asserting that their testimony could not support a finding that he possessed the weapon in light of other evidence presented. The standard under which we review sufficiency of evidence claims is extremely deferential. *See United States v. Gardner*, 238 F.3d 878, 879 (7th Cir.2001). The evidence and all reasonable inferences must be viewed in the light most favorable to the government, *id.*, and the test is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We do not re-weigh the evidence or second-guess the jury's credibility determinations. *United States v. Irorere*, 228 F.3d 816, 822 (7th Cir.2000). "Only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt,

may an appellate court overturn the verdict." *Id.* (internal quotation marks and citation omitted).

To convict Burl of possession of a firearm by a felon, the government had to prove beyond a reasonable doubt that: (1) prior to June 1, 2000, he was convicted of a felony; (2) he possessed a firearm on or about June 1, 2000; and (3) the firearm traveled in interstate or foreign commerce before Burl possessed it. *See* 18 U.S.C. § 922(g). In this case, the parties stipulated to facts that established the first and third elements. That leaves only the second element for our consideration, and Burl's argument on that point is unavailing. Burl argues that the evidence does not support the jury's finding that he possessed the gun. He claims that his own testimony and his proffered medical records unequivocally establish that he could not grip a gun in his right hand and thus undermine the officers' testimony that he withdrew the gun from his waistband with his right hand. Burl also argues that the jury impermissibly ignored the testimony of Parchman and Trotter, who testified that Burl was not the front-seat passenger in the car on June 1.

But the officers testified that they observed Burl with the pistol on June 1, and both picked Burl from a photo array the day after the incident. That the jury found even one of these witnesses credible beyond a reasonable doubt is all that is required. *See Kines v. Godinez*, 7 F.3d 674, 678 (7th Cir.1993); *United States ex rel. Wandick v. Chrans*, 869 F.2d 1084, 1089 (7th Cir.1989) (credible testimony of one identification witness is sufficient to support a conviction). Moreover, Burl's fingerprint was lifted from the Cadillac's front passenger mirror, which reinforces the officers' testimony that Burl was the one who got out of the car and fled with the gun. Although Burl denied that he could grip a gun with his right hand, he

**412**

offered no other evidence to corroborate his contention. The medical records that Burl introduced into evidence establish only that he sustained a gunshot injury to his right hand in 1993 and was treated accordingly; they do not provide any insight into the long-term consequences of the injury. And, with respect to the testimony by Burl, Parchman and Trotter that Burl was not in the Cadillac on June 1, it was within the jury's province to discredit that testimony given its paucity of detail and the fact that the testimony was elicited from three convicted felons. *United States v. Woolfolk,* 197 F.3d 900, 904 (7th Cir.1999) (jury determines how much weight to assign to witness testimony). After viewing the evidence in a light most favorable to the prosecution, we conclude that the jury reasonably could have found that Burl held the firearm and will not disturb this determination on appeal.

AFFIRMED.