UNITED STATES of America, Plaintiff–Appellee,

v.

Alberto Torres VELASQUEZ, Defendant–Appellant.

No. 91–10540.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1992.

Decided Dec. 4, 1992.

Bram J. Jacobson, Asst. Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Paul Kipp Charlton, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before: CHOY, NOONAN, and O'SCANNLAIN, Circuit Judges.

CHOY, Circuit Judge:

Alberto Torres Velasquez appeals his jury conviction for attempted unarmed bank robbery. He requests that the conviction be reversed and remanded for a new trial, arguing that (1) the prosecutor was improperly allowed to ask defense character witnesses guilt-assuming hypothetical questions and (2) the "reasonable doubt" jury instruction given by the judge impermissibly lowered the prosecutor's burden of proof. We find these arguments without merit and we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 24, 1990, defendant/appellant Alberto Torres Velasquez ("Velasquez") was arrested and charged with attempted armed bank robbery. A jury convicted Velasquez of the lesser offense of attempted unarmed bank robbery on June 28, 1991. The district court sentenced Velasquez to thirty-six months in prison, giving him credit for three months of time served at a half-way house.

The basic facts of this case are undisputed. Prior to his arrest on August 24, 1990, Velasquez entered a bank covered with bandages and limping. Velasquez requested to speak to a bank employee in private. The bank manager took Velasquez to a conference room. Once in the conference room, Velasquez revealed a grenade that was later determined to be inert. Velasquez asked the manager if she could get into the vault. The manager responded that she needed another person to get into the vault.

The manager left the room several times ostensibly to work on getting the vault opened. While outside the room the manager informed several bank employees of the situation and activated the bank's alarm. The last time the manager returned to the room Velasquez was talking into a walkie-talkie. Velasquez said "I'm out of here" and left the bank. He was arrested by the police outside the bank.

## II. DISCUSSION

### A. Cross–Examination of Character Witnesses

 While Velasquez admits to entering the bank and showing a bank employee an inactive grenade, he claims that he did not intend to rob the bank. At trial, Velasquez asserted that when he went to the bank he was troubled by a number of misfortunes and that he had intended to get caught in the bank, not to take money. In support of this theory, defense counsel called two character witnesses who testified that they did not consider Velasquez a violent person.

On cross-examination the prosecutor asked the first character witness if her opinion would change if the evidence showed that Velasquez entered the bank with a hand grenade and asked about money. The prosecutor asked the second character witness if he would agree that a bank robbery involving a man exhibiting what turned out to be a fake grenade was a violent act. Velasquez contends that the district court erred by allowing the prosecutor to ask the character witnesses guilt-assuming hypothetical questions.

In support of his argument, Velasquez cites cases from a number of circuits holding that it is improper for prosecutors to use guilt-assuming hypotheticals when cross-examining defense character witnesses. *See, e.g., United States v. Oshatz,* 912 F.2d 534, 539 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1695, 114 L.Ed.2d 89 (1991); *United States v. Siers,* 873 F.2d 747, 749 (4th Cir.1989); *United States v. Barta,* 888 F.2d 1220 (8th Cir. 1989); *United States v. Page,* 808 F.2d 723, 731 (10th Cir.), *cert. denied,* 482 U.S. 918, 107 S.Ct. 3195, 96 L.Ed.2d 683 (1987); *United States v. McGuire,* 744 F.2d 1197, 1204 (6th Cir.1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1866, 85 L.Ed.2d 159 (1985); *United States v. Williams,* 738 F.2d 172, 177 (7th Cir.1984); *United States v. Candelaria–Gonzalez,* 547 F.2d 291, 294–95 (5th Cir.1977).

We find it unnecessary in this case to consider whether as a general matter it is appropriate to pose guilt-assuming hypothetical questions to character witnesses. The questions posed were not of that nature.

The factual content of the prosecutor's questions had already been presented to the jury by the defense counsel in his opening statement. Velasquez argues that the prosecutor's questions assumed that he entered the bank with a violent intent and with the intent to steal money. This assertion is not supported by a review of the questions asked. The prosecutor did not ask the witnesses what they would think if it was shown that Velasquez entered the bank with bad intentions. The prosecutor only asked the witnesses how they would interpret the acts that the defense counsel stated in his opening statement had occurred. Therefore, we find that allowing the prosecutor to ask those questions was not reversible error.

### B. Reasonable Doubt Instruction

 When giving the jury instructions, the district court gave a separate instruction on reasonable doubt. District courts have discretion regarding whether

to instruct a jury on reasonable doubt. *United States v. Nolasco*, 926 F.2d 869, 872 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 112 S.Ct. 111, 116 L.Ed.2d 80 (1991). For the reasonable doubt instruction, the district court used instruction 3.03 from the 1989 Manual of Model Criminal Jury Instruction for the Ninth Circuit.[1] Before the judge gave this instruction, Velasquez objected to the language defining proof beyond a reasonable doubt as proof "that leaves you firmly convinced" of the defendant's guilt. Velasquez argued that the instruction equated the reasonable doubt standard with the less burdensome clear and convincing evidence standard and requested that an instruction using "hesitate to act" language be used instead of instruction 3.03.[2] The objection was overruled.

■■■ We review the reasonable doubt jury instruction given by the district court *de novo* to determine whether it was an accurate statement of the law. *United States v. Terry*, 911 F.2d 272, 278 (9th Cir.1990). The test for determining the adequacy of a reasonable doubt instruction "is whether 'the supplemental instruction [ ] detract[s] from the heavy burden suggested by the use of the term "reasonable doubt" standing alone.' " *United States v. Jaramillo–Suarez*, 950 F.2d 1378, 1386 n. 10 (9th Cir.1991) (quoting *Nolasco*, 926 F.2d at 873).

■■■ While some Ninth Circuit opinions have expressed a preference for the "hesitate to act" language, failure to use that language does not necessarily constitute reversible error. *See United States v. Bustillo*, 789 F.2d 1364, 1368 (9th Cir.1986). Other definitions of reasonable doubt are permissible. *United States v. Robinson*, 546 F.2d 309, 313–14 (9th Cir.1976), *cert. denied*, 430 U.S. 918, 97 S.Ct. 1333, 51 L.Ed.2d 597 (1977) (not reversible error to use "willing to act" instruction for reasonable doubt); *Jaramillo–Suarez*, 950 F.2d at 1386 (same holding as *Robinson* ).[3]

■■■ In *United States v. Bustillo*, we held that the use of the phrase "firmly convinced" in a reasonable doubt instruction was not plain error. *Bustillo*, 789 F.2d at 1368. The plain error approach is not applicable in this case since Velasquez did object to the "firmly convinced" instruction at the district court level. However, while *Bustillo* is not controlling law in this case, there is no indication in other Ninth Circuit decisions that our Circuit has qualms about the "firmly convinced" language. The phrases "firmly convinced" and "hesitate to act" are essentially two ways of conveying the same definition of reasonable doubt. Considering the instruction given as a whole, the use of the "firmly convinced" language did not indicate to the jury that the prosecutor had a lesser burden than that implied by the use of the term "reasonable doubt" standing alone. Accordingly, we find that the instruction

---

1. The district court used the following reasonable doubt instruction:

> A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leave you firmly convinced that the defendant is guilty.
>
> If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

2. The Supreme Court has held that it is acceptable to define reasonable doubt as "the kind of doubt that would make a person hesitate to act." *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed. 150 (1954).

3. Velasquez contends that the *Robinson* and *Jaramillo–Suarez* decisions stand for the proposition that the "hesitate to act" instruction is the proper instruction to use in the Ninth Circuit. His interpretation of those cases is erroneous. Those cases do state a preference for the "hesitate to act" instruction over the "willing to act" instruction. However, in both cases the use of the "willing to act" instruction was upheld. Furthermore, neither case addressed the use of the "firmly convinced" instruction at issue here.

given by the district court was not reversible error.

AFFIRMED.