**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Jose GARCIA–FREGOSO,**
**Defendant–Appellant.**

No. 00–50249.
D.C. No. CR–99–02693–JTM.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 14, 2000.*

Decided April 9, 2002.

Before RYMER, T.G. NELSON, and
WARDLAW, Circuit Judges.

MEMORANDUM**

The judgment of the district court is
affirmed.

A. *The Scope of Defense Counsel's*
*Closing Argument*

"The trial court has broad discretion in controlling closing arguments, and, in the absence of an alleged violation of specific constitutional rights, we will apply

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

an abuse of discretion standard of review."[1] We find no such abuse here. The fact that counsel's statement regarding the "clear and convincing" standard of proof appears to have been legally accurate does not mean it had no potential to confuse or distract the jury, particularly where, as here, that is not the standard the jury was ultimately asked to apply. The propriety of this type of argument in any particular case is an issue the district courts are uniquely well positioned to decide and, thus, that we are particularly reluctant to second-guess.

### B. Reasonable Doubt Instruction

■ In *United States v. Velasquez*,[2] we held that "use of the 'firmly convinced' language [does] not indicate to the jury that the prosecutor ha[s] a lesser burden than that implied by the use of the term 'reasonable doubt' standing alone" and that, therefore, it is not reversible error for the court to give that instruction.[3] Several other circuits have come to the same conclusion.[4] Although we share the First Circuit's preference for the "hesitate to act" formulation,[5] we find nothing in its opinion in *United States v. Woodward*[6] to persuade us that en banc reconsideration of *Velasquez* is warranted.

### C. Apprendi

■ After being instructed that the Government had to prove beyond a reasonable doubt that Garcia–Fregoso "intentionally brought cocaine into the United States" and that he "knew that it was cocaine or some other prohibited drug" and that he "knowingly possessed cocaine . . . with the intent to deliver it to another person," the jury found him guilty. Based solely on the facts the jury found, Garcia–Fregoso could have been sentenced to up to 240 months in prison, or twenty years, under 21 U.S.C. § 841(b)(1)(C). His ninety-four-month sentence is well below this statutory maximum. Thus, there was no violation under *Apprendi v. New Jersey*.[7] As the Supreme Court held in *United States v. Raines*,[8] "one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional."[9] In addition, Garcia's facial constitutional challenge to 21 U.S.C. § 841 was foreclosed by *United States v. Buckland*.[10]

The foregoing discussion also disposes of Garcia's challenge to 21 U.S.C. § 960.[11] Any error the district court may have made in instructing the jury under that

1. *United States v. Spillone*, 879 F.2d 514, 518 (9th Cir.1989) (quoting *United States v. Schuler*, 813 F.2d 978, 982 (9th Cir.1987)).

2. 980 F.2d 1275 (9th Cir.1992).

3. *Id.* at 1278–79.

4. *See, e.g., United States v. Taylor*, 997 F.2d 1551, 1557 (D.C.Cir.1993); *United States v. Barrera–Gonzales*, 952 F.2d 1269, 1272–73 (10th Cir.1992); *United States v. Hunt*, 794 F.2d 1095, 1100–1101 (5th Cir.1986).

5. *Velasquez*, 980 F.2d at 1278.

6. 149 F.3d 46 (1st Cir.1998).

7. 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that due process forbids a sentence beyond the statutory maximum allowable under the facts as found by the jury).

8. 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960).

9. *Id.* at 21.

10. 277 F.3d 1173 (9th Cir.2002).

11. *United States v. Mendoza–Paz*, 286 F.3d 1104 (9th Cir.2002).

statute is harmless because Garcia's entire sentence was fully valid under § 841. Similarly, any *Apprendi* issues or other constitutional challenges that Garcia raises in regard to § 960 cannot change his sentence.

AFFIRMED.