**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ernest Patrick DE TOMASO, Defendant–Appellant.**

No. 98–50624.

D.C. No. CR–96–00014–RT–01.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM**

Ernest Patrick De Tomaso appeals his conviction and sentence following a jury trial for one count of forcible rescue of seized property in violation of 26 U.S.C. § 7212(b). Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), De Tomaso's attorney has filed a motion to withdraw as counsel of record and De Tomaso has filed a supplemental brief.

Counsel has identified several potential issues and correctly determined that they are without merit. The trial court properly denied De Tomaso's motion to dismiss because 26 U.S.C. § 7212(b), on its face, allows for the prosecution of individuals who forcibly rescue property seized by the IRS under title 26, and De Tomaso conceded that Revenue Officer Bettencourt

was properly authorized under the Internal Revenue Code to conduct the seizure.

The district court also did not err in allowing evidence of other related bad acts with a proper limiting instruction. *See United States v. Arambula–Ruiz*, 987 F.2d 599, 602 (9th Cir.1993); *United States v. Winters*, 729 F.2d 602, 604 (9th Cir.1984) (upholding introduction of Rule 404(b) evidence with a proper limiting instruction).

■ The district court properly denied De Tomaso's Fed.R.Crim.P. 29 motion for judgment of acquittal because the government put on sufficient evidence that Officer Bettencourt was authorized to conduct the seizure of appellant's property; that appellant was aware that removal of the property from government control was unlawful; and that appellant forcibly removed the seized property from the control of the government. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Gasho v. United States*, 39 F.3d 1420, 1429 (9th Cir.1994) (interpreting forcible rescue under 18 U.S.C. § 2233).

Counsel also correctly concluded that the jury instructions do not provide any basis for appeal. First, the district court properly instructed the jury that they had to determine whether the defendant's property was seized by a proper official authorized under the Internal Revenue Code. *See id.* As the instruction given fairly and adequately covered the issue presented, and was not misleading, the district court's refusal of defendant's "lawful seizure" instruction was not an abuse of discretion. *See Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir.1996). Second, the district court properly declined to give an instruction defining "rescue" as the actual taking away of an item. *See Gasho*, 39

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

F.3d at 1429 (defining rescue as removal of the property from the dominion and control of the government). Finally, the district court did not err by giving this circuit's model jury instruction defining reasonable doubt. *United States v. Velasquez,* 980 F.2d 1275, 1278 (9th Cir.1992).

With regard to sentencing, counsel also correctly points out that the court's discretionary denial of De Tomaso's departure request is not subject to our review. *See United States v. Lipman,* 133 F.3d 726, 731–32 (9th Cir.1998).

■ In his pro se supplemental brief, De Tomaso contends that his actions following the seizure of his business by Internal Revenue Agents were not sufficient to constitute a rescue under § 7212(b) because he did not physically remove any of the seized items. This contention is without merit. Because rescue requires only the removal of seized items from the dominion and control of the government, rather than removal from a physical space, De Tomaso's actions of re-entering his store, changing the locks and safe combinations, removing the seizure tags and opening for business were sufficient to constitute rescue. *See Gasho,* 39 F.3d at 1429.

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no issues for review. Counsel's motion to withdraw is **GRANTED**, and the district court's judgment is **AFFIRMED**.