**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Roland Terry ARMSTRONG,**
**Defendant—Appellant.**

**No. 05–10213.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2006.

Decided Feb. 14, 2006.

---

John S. Johnson, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Philip A. Seplow, Esq., Law Offices of Philip A. Seplow, Phoenix, AZ, for Defendant–Appellant.

Before: TASHIMA, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Defendant Roland Terry Armstrong ("Armstrong") was convicted of sexual abuse, in violation of 18 U.S.C. § 2242(2)(B). Armstrong appeals his conviction, arguing that the district court erred: (1) by not suppressing statements made by Armstrong to law enforcement agents; (2) by refusing Armstrong's reasonable doubt jury instruction; (3) by not granting a mistrial in response to a statement by a government witness; (4) by not granting a Rule 29 motion for judgment of acquittal; and (5) by not granting a mistrial in response to a statement by the government in its closing rebuttal argument. Because the parties are familiar with the facts, we do not recite them in detail. We affirm.

## DISCUSSION

*I. Suppression of Armstrong's Admission*

Armstrong contends that his statement to the law enforcement agents should have been suppressed because he did not receive the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and because the statement was not voluntarily given. We review *de novo* whether a defendant is constitutionally entitled to *Miranda* warnings. *United States v. Crawford,* 372 F.3d 1048, 1053 (9th Cir.2004) (en banc), *cert. denied,* 543 U.S. 1057, 125 S.Ct. 863, 160 L.Ed.2d 783 (2005). Factual findings underlying the district court's decision, however, are reviewed for clear error. *Id.* Similarly, a district court's factual findings regarding the voluntariness of a statement are reviewed for clear error, while the ultimate conclusion that a statement was voluntarily made is reviewed *de novo.* *United States v. Rambo,* 74 F.3d 948, 953 (9th Cir.1996).

■ "*Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.'" *Oregon v. Mathiason,* 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977). Upon review of the entire record, the district court's account of the evidence is certainly plausible, and therefore was not clear error. *See United*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*States v. Doe,* 155 F.3d 1070, 1074 (9th Cir.1998) (en banc) (holding that a district court has not committed clear error if its determination is plausible in light of the record viewed in its entirety). Based on those factual determinations, Armstrong was not in custody when he made his statements. *See United States v. Norris,* 428 F.3d 907, 912 (9th Cir.2005) (holding that defendant was not in custody when he came to the police station voluntarily, was told he could leave at any time, was told he was not under arrest, was never restrained in any way, and was taken home by officers afterwards). Therefore, the district court did not err in denying suppression on *Miranda* grounds.

■ Armstrong's argument that his statement was not voluntary also fails. Based on the district court's factual findings, which were not clearly erroneous, there was no coercive activity on the part of the investigating agents. Therefore, Armstrong's statement was correctly deemed voluntary. *See Colorado v. Connelly,* 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986) (holding that coercive police activity is a necessary predicate to finding a statement unconstitutionally involuntary).

## II. Armstrong's Reasonable Doubt Instruction

■ Armstrong contends that the district court erred by refusing his requested jury instruction on reasonable doubt. "We review the reasonable doubt jury instruction given by the district court de novo to determine whether it was an accurate statement of the law." *United States v. Velasquez,* 980 F.2d 1275, 1278 (9th Cir. 1992) (citation omitted). We review the district court's precise formulation of jury instructions for abuse of discretion. *United States v. Bussell,* 414 F.3d 1048, 1058 (9th Cir.2005). The district court's instruction followed verbatim this Circuit's

model instruction on reasonable doubt and was an accurate statement of the law. *See Velasquez,* 980 F.2d at 1278–79 (approving nearly identical instruction). Accordingly, the district court did not abuse its discretion in rejecting Armstrong's proposed addition to the model instruction.

## III. Mistrial Due to Testimony on Polygraph Examination

■ Armstrong contends that the district court should have granted a mistrial after Agent Rominger testified that one reason that Michael James was given *Miranda* warnings, while Armstrong was not, was because James agreed to take a polygraph examination. We review a district court's refusal to grant a mistrial for abuse of discretion. *United States v. McCormac,* 309 F.3d 623, 626 (9th Cir.2002). We hold that any possible prejudice resulting from this testimony was sufficiently cured by the district court's prompt cautionary instruction. *See United States v. Escalante,* 637 F.2d 1197, 1202–03 (9th Cir.1980). Therefore, the district court did not abuse its discretion by denying Armstrong's request for a mistrial.

## IV. Armstrong's Motion for Judgment of Acquittal

Armstrong contends that the district court should have granted his motion for a judgment of acquittal because there was insufficient evidence to corroborate his confession. We review a district court's denial of a motion for a judgment of acquittal *de novo. United States v. Lopez–Patino,* 391 F.3d 1034, 1036 (9th Cir.2004). "Whether a defendant's confession has been sufficiently corroborated is a mixed question of law and fact that is primarily factual, and review is for clear error." *Norris,* 428 F.3d at 914 (internal quotation marks and citation omitted).

In *United States v. Lopez–Alvarez,* 970 F.2d 583 (9th Cir.1992), we articulated a two-part test to determine whether a confession has been sufficiently corroborated:

[F]irst, although the state need not introduce independent evidence of the *corpus delicti* in conformance with the traditional test, it must introduce sufficient evidence to establish that the criminal conduct at the core of the offense has occurred. Second, it must introduce independent evidence tending to establish the trustworthiness of the admissions, unless the confession is, by virtue of special circumstances, inherently reliable.

*Id.* at 592. Both requirements must be met to affirm a conviction. *Id.* at 593.

■ Here, the actual occurrence of the core criminal conduct is sufficiently corroborated by the victim's testimony that: (1) she passed out after drinking with Armstrong and the other young men; (2) she awoke to an act of anal penetration; (3) she awoke the next day to find her bra on backwards, dirt and grass stains on her pants, and scrapes on her knees, palms, and hands; and (4) that she experienced soreness in her vagina and anus, and there was blood in her panties. *See id.* at 973 (finding physical evidence sufficient to corroborate the occurrence of a crime); *Norris,* 428 F.3d at 915 (finding victim testimony sufficient to corroborate the occurrence of a crime).

The trustworthiness of Armstrong's admission is sufficiently corroborated by the victim's testimony that: (1) she met up with Michael James and joined him and his friends; (2) she spent time drinking with James, Armstrong, and the other young men; (3) she passed out; (4) the next morning she experienced soreness in her vagina and anus, and there was blood in her panties; and (5) she awoke the next morning in her home. *See United States v. Corona–Garcia,* 210 F.3d 973, 979 (9th Cir.2000) (*Lopez–Alvarez* only requires "*corroboration* of the defendant's confession—that is to say evidence that fortifies, augments, or supports it—from which a jury may infer that the defendant's confession was a trustworthy admission to core conduct that actually occurred." (footnote omitted)). Therefore, the victim's testimony is sufficient corroboration of Armstrong's admission, and the district court was correct to deny Armstrong's motion for a judgment of acquittal.

## V.  Mistrial Due to Comment in Rebuttal Closing Argument

■ Finally, Armstrong contends that the district court should have granted a mistrial due to a comment by the government during its rebuttal closing argument because the comment referred to Armstrong's failure to testify, in violation of the Fifth Amendment. Even assuming that the prosecutor's statement was a comment on Armstrong's failure to testify, the district court did not err because the comment was isolated, and the court followed the prosecutor's rebuttal with two curative instructions. *See United States v. Tarazon,* 989 F.2d 1045, 1052 (9th Cir.1993) ("We will not reverse when a prosecutorial comment is a single, isolated incident, does not stress an inference of guilt from silence as the basis of conviction, and is followed by a curative instruction." (citation omitted)).

## CONCLUSION

Finding all of Armstrong's contentions to be without merit, the judgment of conviction is **AFFIRMED.**