MEMORANDUM *
Jose Meraz-Olivera appeals his jury conviction on a one count indictment for violating 8 U.S.C. § 1326, and the district court’s denial of his motion to dismiss the indictment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
1. The district court did not err in denying Meraz-Olivera’s motion to dismiss the indictment as improperly predicated on the August 2000 expedited removal order. We have jurisdiction to resolve his collateral challenge to that order because “there must be some meaningful review” of that administrative action where, as here, it plays “a critical role in the subsequent imposition of a criminal sanction.” United States v. Mendoza-Lopez, 481 U.S. 828, 837, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). Meraz-Olivera “can succeed in this collateral challenge only if he is able to demonstrate that: (1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects.” United States v. Garcia-Martinez, 228 F.3d 956, 960 (9th Cir.2000) (quotation omitted). Neither element is satisfied here.
Meraz-Olivera was not denied due process by the immigration officer’s failure to inform him that he had the right to withdraw the application for admission “in the discretion of the Attorney General.” 8 U.S.C. § 1225(a)(4). “[T]he Supreme Court has ruled that when Congress enacts a procedure, aliens are entitled to it.” United States v. Barajas-Alvarado, 655 *612 F.3d 1077, 1084 (9th Cir.2011). Here, Meraz-Olivera received all of the process required under 8 U.S.C. § 1225(b)(l)(A)(i). Neither the statute, nor the regulations, require that an immigration officer advise the alien of his opportunity to request withdrawal of his application for admission, subject to the Attorney General’s discretion. See id.; 8 C.F.R. § 235.3 (procedures for expedited removal).
Meraz-Olivera suffered no prejudice because he had no plausible grounds for relief. See Barajas-Alvarado, 655 F.3d at 1089 (“Where the relevant form of relief is discretionary, the alien must make a plausible showing that the facts presented would cause the Attorney General to exercise discretion in his favor.”) (quotation omitted). Meraz-Olivera falsely claimed that he was a United States citizen to the primary immigration officer. During a secondary inspection, he admitted that he had lied and that he knew that his actions were illegal. An alien who attempts to enter the United States by fraudulent means is ineligible for withdrawal under 8 U.S.C. § 1225(a)(4). See In re Gutierrez, 19 I. & N. Dec. 562, 565 (BIA 1988); INS Inspector’s Field Manual § 17.2(A) (2001) (“An expedited removal order should ordinarily be issued, rather than permitting withdrawal, in situations where there is obvious, deliberate fraud on the part of the applicant.”). An alien does not have the right to withdraw his application for admission, 8 C.F.R. § 235.4; here the immigration officer exercised his discretion to proceed with expedited removal.
2. Nor did the district court err by giving the Ninth Circuit model jury instruction on reasonable doubt. See United States v. Velasquez, 980 F.2d 1275, 1278 (9th Cir.1992) (reviewing reasonable doubt instruction de novo). We reject Meraz-Olivera’s arguments that the model instruction: (1) improperly forecloses speculation as a basis for having a reasonable doubt; (2) fails to direct jurors that proof beyond a reasonable doubt cannot be based on speculation; and (3) misstates the presumption of innocence because it instructs that reasonable doubt “may arise,” from the evidence. The model instruction correctly states the law, and does not “detract from the heavy burden suggested by the term ‘reasonable doubt’ standing alone.” Id.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.