**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10015 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00414-SMM-1 |
| v. | |
| DARNELLD REBECA COLMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Argued and Submitted February 14, 2013
San Francisco, California

Before: REINHARDT and M. SMITH, Circuit Judges, and CARR, Senior District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

Colman appeals her jury conviction for importation of cocaine in violation of 21 U.S.C. §§ 952.960(a) and 960(b)(1)(B)(ii), and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii).

Colman contends the district court committed reversible error by: (1) failing to hold a voluntariness hearing to determine the voluntariness of statements made during her custodial interrogation; (2) permitting the jury members to view the cocaine seized from her car; (3) using the Ninth Circuit's model jury instruction on reasonable doubt; and (4) misstating the Ninth Circuit's model jury instruction on possession when reading the written instructions aloud to the jury members.

For the following reasons, we uphold Colman's conviction.

Confessions in criminal cases are admissible if voluntarily given, but "[b]efore such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness." 18 U.S.C. § 3501(a). Despite the mandatory phrasing of the statute, this court has consistently held if "the issue of admissibility is never raised, the trial court is not required *sua sponte* to hold a § 3501(a) voluntariness hearing." *United States v. Smith,* 638 F.2d 131, 133 (9th Cir. 1981). Colman did not contest the voluntariness of her statements prior to or during trial. As such, the district court was not required to hold a

voluntariness hearing. "Federal Rule of Criminal Procedure 12(b)(3) requires that motions to suppress evidence be raised prior to trial; under Rule 12(f) failure to bring a timely suppression motion constitutes a waiver of the issue." *United States v. Wright,* 215 F.3d 1020, 1026 (9th Cir. 2000).

With regard to allowing the jury members to view a sample of the cocaine seized, the issue is whether the district court abused its discretion under Federal Rule of Evidence 403. A district court properly applies Federal Rule of Evidence 403 "'[a]s long as it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission[.]'" *United States v. Verduzco,* 373 F.3d 1022, 1029 n.2 (9th Cir. 2004) (quoting *United States v. Sangrey,* 586 F.3d 1312, 1315 (1978)).

In this case, the defendant claimed she did not know she had 40 pounds of cocaine in the roof of her car. The government countered that it would be extremely difficult for someone to place such a large volume of drugs in the roof of her car without her knowledge. The district court agreed with the state that the volume of the drugs seized was probative of the defendant's knowledge of the drugs in the car.

However, aware of the potential prejudicial effect of putting such a large quantity of cocaine on display before the jury, the district court carefully

3

considered and discussed admission with the parties. Ultimately, the district court restricted the length of observation to approximately fifteen minutes. During the viewing, the district court cautioned the jury members that the drugs were not evidence and were being displayed only to allow the jurors to see what the drugs taken out of the vehicle looked like. The district court explicitly stated to the jury members that the drugs were not proof of any fact at issue. Moreover, the district court stated, both at the time of viewing and in its final instructions, that the drugs were shown for "demonstrative purposes only."

Given the foregoing, we find the district court carefully balanced the probative value of allowing the jury members to view the drugs against the potential prejudice to the defendant. As such, the district court did not abuse its discretion in admitting the evidence.

With respect to the reasonable doubt instruction, we find the district court did not err in using the Ninth Circuit's model jury instruction. "The test for determining the adequacy of a reasonable doubt instruction is whether the supplemental instruction detracts from the heavy burden suggested by the use of the term 'reasonable doubt' standing alone."*United States v. Velasquez*, 980 F.2d 1275, 1278 (9th Cir. 1992). This court has consistently held that the "firmly convinced" language in the model instruction does not detract from or imply a

4

lesser burden than the 'reasonable doubt' language standing alone. *See United States v. Ruiz*, 462 F.3d 1082, 1087 (9th Cir. 2006); *See also Velasquez*, 980 F.2d at 1278–79. Accordingly, we find that the district court did not err in using the model instruction.

Lastly, we find the district court's misstatement of the proper written jury instruction on possession does not amount to reversible error. "On appeal, the adequacy of jury instructions is not determined by the giving of any one instruction, but by examining the instructions as a whole." *United States v. Ancheta,* 38 F.3d 1114, 1116 (9th Cir. 1994) (quotations and citation omitted). This court has previously held that a district court's misstatement while reading instructions aloud does not constitute reversible error if it provides proper written jury instructions to the jury members. *Id.* at 1117 (stating that the district court's misstatement of jury instructions did not amount to plain error because "the court provided the jury with written instructions that properly stated the government's burden of proof").

In this case, the district court provided the jury members with proper written instructions and explicitly suggested that they reference the instructions during their deliberations. As such, although the district court's slip of the tongue was plain error, it is unlikely to have affected the outcome of the proceedings. *See*

5

*United States v. Fuchs*, 218 F.3d 957, 962 (9th Cir. 2000). Accordingly, the

misstatement does not constitute reversible error.

**AFFIRMED.**