**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10250 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00477-JAM-1 |
| v. | |
| DUKE NOTTINGHAM, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 12, 2013[**]
San Francisco, California

Before: PAEZ, BERZON, and TALLMAN, Circuit Judges.

Duke Nottingham was convicted after a jury trial of possession of child

pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and distribution of child

pornography, in violation of 18 U.S.C. § 2252(a)(2). Nottingham appeals his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

conviction, sentence, and restitution award, arguing: (1) the prosecutor improperly posed guilt-assuming hypothetical questions to defense character witnesses; (2) the 108-month sentence imposed by the district court was substantively unreasonable; and (3) restitution was erroneously awarded. We have jurisdiction under 28 U.S.C. § 1291, and we affirm Nottingham's conviction and sentence. We vacate the restitution order and remand to the district court to consider what restitution, if any, should be imposed in accordance with the standards articulated in *United States v. Kennedy*, 643 F.3d 1251 (9th Cir. 2011).

Nottingham contends that the prosecutor's use of guilt-assuming hypothetical questions during the cross-examination of defense character witnesses constitutes reversible error. However, the majority of the questions posed by the prosecutor were neither hypothetical nor rested upon an impermissible assumption of guilt. Instead, the prosecutor questioned the defense witnesses regarding misconduct admitted by Nottingham in opening statements and in a stipulation submitted to the jury. Questions based on admitted facts do not impinge on the presumption of innocence, and the government may properly cross-examine defense character witnesses regarding "acts that the defense counsel stated in his opening statement had occurred." *United States v. Velasquez*, 980 F.2d 1275, 1277 (9th Cir. 1992).

2

While the majority of the questions posed by the prosecution were permissible, the cross-examination of Kimberly Nottingham was improperly premised on a presumption of guilt as to the contested distribution charge. *United States v. Shwayder*, 312 F.3d 1109, 1121 (9th Cir. 2002) (the use of guilt-assuming hypotheticals "undermines the presumption of innocence and thus violates a defendant's right to due process."). Although the prosecutor's questions were improper, defense counsel failed to object to the improper questioning. We conclude that reversal is not warranted under the plain error standard. *See United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008). Three improper questions were asked during a three-day trial where substantial evidence of guilt was offered, the witness rejected the premise of these questions, and the witness provided favorable answers in response to the improper questioning. As a result, the error did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *Shwayder*, 312 F.3d at 1121–22.

Nottingham's second argument, that the sentence imposed by the district court was substantively unreasonable, also fails. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The district court considered each of the § 3553(a) factors before imposing sentence, as evidenced by the sentencing

3

transcript which contains sixteen pages devoted to the court's analysis. In light of the totality of the circumstances, and according deference to the district court's individualized determination, we conclude that the sentence imposed by the district court was substantively reasonable and not an abuse of discretion.

Lastly, Nottingham argues that the district court's restitution order was unlawful under 18 U.S.C. § 2259 because the government failed to present sufficient evidence that Nottingham proximately caused harm to the victims, and failed to offer a defensible method for calculating the victims' losses. To support a restitution award the government bears the burden of proving, "by a preponderance of the evidence, the measure of the losses to [the depicted children] that were proximately caused by [the defendant's] offense." *Kennedy*, 643 F.3d at 1259. We need not decide whether the government satisfied its burden of proving that Nottingham's conduct proximately caused harm to the portrayed victims because the district court erred in calculating the restitution owed.

Restitution is only appropriate if the victims' losses "can be calculated with 'some reasonable certainty.'" *Id*. at 1263. The prosecution did not provide evidence of the specific losses endured by each victim resulting from Nottingham's offenses, but instead suggested that a restitution award of $7,500 per victim should be imposed anytime a defendant contests a distribution charge at trial. Such *pro*

4

*forma* calculations do not satisfy the requirement, set forth in *Kennedy*, that district judges not "'engage in . . . arbitrary calculations' to determine the amount of the victim's losses." *Id*. at 1261 (alteration in original).

Accordingly, we affirm the conviction and sentence imposed but vacate the restitution order. We remand for further proceedings before the district court the determination of whether restitution is warranted and whether it can properly be calculated in conformance with our circuit jurisprudence.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED**.