**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MARCO ANTONIO JUAREZ-MEZA,<br><br>Defendant - Appellant. | No. 12-10079<br><br>D.C. No. 2:11-cr-01411-SRB-1<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MARCO ANTONIO JUAREZ-MEZA,<br><br>Defendant - Appellant. | No. 12-10080<br><br>D.C. No. 2:06-cr-00028-SRB-1 |

Appeals from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted November 5, 2013[]
Pasadena, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Defendant Marco Antonio Juarez-Meza timely appeals his conviction for illegal reentry after removal in violation of 8 U.S.C. § 1326(a), the sentence for which was enhanced under 8 U.S.C. § 1326(b) because of a prior felony conviction. Reviewing for plain error both a specific objection to evidence raised for the first time on appeal, United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir. 1990), and an objection to prosecutorial conduct raised for the first time on appeal, United States v. Moreland, 622 F.3d 1147, 1158 (9th Cir. 2010), we affirm.

1. Before the district court, Defendant raised objections, under Federal Rule of Evidence 403, to the admission of evidence of Defendant's past convictions. Defendant objected to evidence of the statement about his past arrests, however, only on the grounds of hearsay and lack of foundation. Therefore, Defendant did not preserve the specific Rule 403 objection he now raises as to his past arrests. Gomez-Norena, 908 F.2d at 500.

---

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

2.  The district court did not err when it admitted evidence and testimony about Defendant's alleged statement that he had been arrested "at least 20 times" for illegal reentry.  Otherwise admissible evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."  Fed. R. Evid. 403.  Evidence about Defendant's alleged pattern of repeated illegal entry was relevant to his intent to enter the United States voluntarily, which was the central issue before the jury, and the district court permissibly ruled that the evidence was not more prejudicial than probative.

3.  The prosecutor did not diminish the government's burden of proof when she said that "[t]he real issue, the only issue" was the voluntariness of Defendant's entry.  Defendant had conceded all other elements of the offense, and so the voluntariness of his entry <u>was</u> the only contested issue before the jury.  Nor did the prosecutor misstate the burden when she said that "a firm conviction that is not absolute" was sufficient to find guilt beyond a reasonable doubt, drawing analogies to making important decisions in daily life.  A defendant's constitutional due process rights are violated "when the jury is not properly instructed that the government bears the burden of proving guilt beyond a reasonable doubt on each element of the crime."  <u>United States v. Smith</u>, 561 F.3d 934, 938 (9th Cir. 2009) (en banc).  "The jury is regularly presumed to accept the law as stated by the court,

3

not as stated by counsel." United States v. Rodrigues, 159 F.3d 439, 451 (9th Cir. 1998). We have held that proof beyond a reasonable doubt may properly be described as proof that leaves jurors "firmly convinced." United States v. Velasquez, 980 F.2d 1275, 1277–79 (9th Cir. 1992).

4. The prosecutor did not improperly encourage the jury to return a guilty verdict in order to deter future lawbreakers. Although "[a] prosecutor may not urge jurors to convict a criminal defendant in order to . . . deter future lawbreaking," United States v. Weatherspoon, 410 F.3d 1142, 1149 (9th Cir. 2005) (internal quotation marks omitted), the comments here permissibly challenged the strength of Defendant's voluntariness defense and were not a general appeal for deterrence.

5. The prosecutor did not vouch for the law enforcement agents who testified. "Improper vouching occurs when the prosecutor places the prestige of the government behind the witness by providing personal assurances of the witness's veracity . . . [or] where the prosecutor suggests that the testimony of government witnesses is supported by information outside that presented to the jury." United States v. Wright, 625 F.3d 583, 610 (9th Cir. 2010) (citation and internal quotation marks omitted). The prosecutor made accurate statements about the scope of testifying witnesses' job duties, based on evidence in the record, and

4

about the evidentiary weight accorded to testimony. Those were permissible responses to defense counsel's arguments that the agents should have collected more physical evidence. United States v. Young, 470 U.S. 1, 12 (1985).

7. Because there was no error, there was no cumulative error. United States v. Jeremiah, 493 F.3d 1042, 1047 (9th Cir. 2007).

8. In the second of two consolidated cases before this court, Defendant appeals the revocation of his supervised release under a prior conviction because of the present conviction. Because we affirm the present conviction, we also affirm the revocation of supervised release.

**AFFIRMED.**